**In re Roger Thomas MARKEY, Indiv. and fdba JT & T Auto Supply, Debtor.**

**Bankruptcy No. 82–00025.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 27, 1983.

Jeffrey L. Robinson, Wauseon, Ohio, for movant.

Craig S. Smith, Holland, Ohio, for debtor.

Philip R. Joelson, Toledo, Ohio, Trustee in Bankruptcy.

## MEMORANDUM AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the motion of BancOhio National Bank for leave to file a proof of claim instanter in this Chapter 7 proceeding. For the following reasons, the motion is denied.

## FINDINGS OF FACT

1. The Debtor, Roger Thomas Markey, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 6, 1982.

2. On January 25, 1982 all creditors and parties in interest were sent a notice which, among other things, set this matter for a meeting of creditors on March 3, 1982. In this same notice creditors were notified, pursuant to Bankruptcy Rule 203(b), that it appeared from the schedules of the Debtor that there were no assets from which any dividend would be paid to creditors and that, therefore, it was unnecessary for any creditor to file his claim in order to share in any distribution from the estate. It further provided that if it subsequently appeared that there were assets from which a dividend would be paid, creditors would be notified and given an opportunity to file their claims.

3. On July 27, 1982, all creditors and parties in interest were notified, pursuant

to Bankruptcy Rule 302(e)(4), that there then appeared to be assets in the case for distribution. Creditors were notified that they must file their claim before September 27, 1982 to participate in any distribution ordered by the Court. This notice was certified as having been mailed to all creditors by Deputy Clerk Jeanne Berkel on July 27, 1982.

4. BancOhio National Bank is listed on the Debtor's Schedule A–2 as a secured creditor in the amount of $65,000.00.

5. The instant motion for leave to file a proof of claim instanter was filed October 7, 1982.

## DISCUSSION

Section 501 of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim." Although no deadline for filing a proof of claim is found in the provisions of the Bankruptcy Code itself, Bankruptcy Rule 302(e), an adaptation of § 57 n. of the Bankruptcy Act of 1898 (11 U.S.C. § 93), continues to provide the rule regarding the time for filing a claim in a Chapter 7 liquidation proceeding as follows:

*(e) Time for Filing.* A claim must be filed within 6 months after the first date set for the first meeting of creditors; except as follows:

(1) On application before the expiration of such period and for cause shown, the court may grant a reasonable, fixed extension of time for filing a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice the court may grant an infant or incompetent person without a guardian up to an additional 6 months for filing a claim.

(3) A claim which arises in favor of a person or becomes allowable because of a judgment for the recovery of money or property from such person or because of a judgment denying or avoiding a person's interest in property may be filed within 30 days after such judgment becomes final, but if the judgment imposes a liability which is not satisfied, or a duty which is not performed, within such peri-

od or such further time as the court may permit, the claim shall not be allowed.

(4) If notice of no dividend was given to creditors pursuant to Rule 203(b), and subsequently the payment of a dividend appears possible, the court shall notify the creditors of the fact and shall grant them a reasonable, fixed time for filing their claims of not less than 60 days after the mailing of the notice or 6 months after the first date set for the first meeting of creditors, whichever is the later.

(5) If all claims allowed have been paid in full, the court may grant a reasonable, fixed extension of time for the filing of claims not filed within the time hereinabove prescribed against any remaining surplus.

Nothing in the express provisions of Rule 302(e) gives the Court the power to grant the creditor in this case an extension of time to file its proof of claim. Furthermore, Rule 906(b) granting discretion generally to authorize extensions of time for the doing of acts required or allowed under the rules, by its express provisions provides that it does not apply to the Rule 302(e) except to the extent and under the conditions stated therein.

The question presented then by the instant motion is whether the Court has any equitable power to grant the creditor in this liquidation case an extension of time to file its proof of claim. The law is clear in the Third Circuit that § 57 n. and Rule 302(e), which complements its provisions, are to be strictly construed. *In re Pigott,* 684 F.2d 239 (3rd Cir.1982); *In re Mellen Manufacturing Co.,* 287 F.2d 37 (3rd Cir.1961). *See also In re Valley Forge Corp.,* 27 B.R. 121 (Bkrtcy.E.D.Pa.1983). (no equitable power to allow proofs of claim filed by creditors after the bar date mandated by § 355 of The Act and Rule 11–33(b)(2)(A).) In a similar vein, certain other courts have viewed the requirement that proofs of claim be filed in accordance with the provisions of Rule 302(e) as a mandatory and nondiscretionary statute of limitation. *In re Tavares,* 23 B.R. 129 (Bkrtcy.D.R.I.1982); *In re Alsted Automotive Warehouse, Inc.,* 16

B.R. 924 (Bkrtcy.E.D.N.Y.1982); *In re Valley Fair Corp.*, 4 B.R. 564 (Bkrtcy.S.D.N.Y. 1980). This Court concurs with the views expressed above and holds that under Rule 302(e) and 906(b) it has no discretion or equitable power to permit the untimely filing of proofs of claim except as otherwise provided by those rules. Furthermore, this rule should apply not only to the strict 6 month time period provided by Rule 302(e) but also, as in the present case, to any period set by the Court under authority of the rule. *See In re Valley Fair Corp.*, 4 B.R. at 564.

■ The present case presents no circumstances for deviation from this rule. BancOhio filed its motion for leave to file its proof of claim on October 7, 1982, ten days beyond the September 27, 1982 deadline and, thus, the claim should be barred. Although this creditor asserts, in its memorandum in support of its motion seeking leave to file its claim, that it did not receive notice to file its claim until three days before the due date, this bald assertion, unaccompanied by any proof to that effect, is insufficient to rebut the assumption that the creditor did in fact promptly receive the notice that this Court's Deputy Clerk mailed on July 27, 1982. More probable, perhaps, is a scenario in which this notice was received by the creditor shortly after its mailing but not forwarded to counsel until shortly before the deadline.

■ In any event, the notice was received in time to timely file a proof of claim with the Court. The fact that the claim itself may have been mailed to the Court prior to the deadline, however, does not constitute a timely "filing" of the claim as required by the rule. The "filing", as required by the rule, is the date the item in question was delivered into the actual custody of the Court rather than the date it may have been mailed. *In re Imperial Sheet Metal, Inc.*, 352 F.Supp. 1149 (M.D. La.1973).

In sum, there being no power of this Court to permit a late filing in this case, it is,

ORDERED that the motion of BancOhio National Bank for leave to file its proof of claim instanter be, and hereby is, denied.