In re Bernard MOSKOWITZ, d/b/a Rofay Nursing Home, Debtor-Appellant.

In re NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Appellee.

No. 83 Civ. 5943 (MP).

United States District Court, S.D. New York.

Dec. 15, 1983.

Arutt, Nachamie, Benjamin, Lipkin & Kirschner, P.C., New York City, for debtor-appellant; Marc Stuart Goldberg, Richard A. Dachs, New York City, of counsel.

Robert Abrams, Atty. Gen., New York City, for N.Y. State Dept. of Social Services; Mary Fisher Bernet, Asst. Atty. Gen., Arthur A. Munisteri, Jonathan B. Rosenbloom, Sp. Asst. Attys. Gen., New York City, of counsel.

## OPINION

MILTON POLLACK, Senior District Judge.

On March 25, 1981, appellant, individually and as the Rofay Nursing Home, filed a Voluntary Petition for Reorganization in the United States Bankruptcy Court for the Southern District of New York, pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174. On July 25, 1982, the Debtor filed a proposed Reorganization Plan. On November 12, 1982, the Debtor filed a Disclosure Statement, which was approved on January 27, 1983. In the ordinary course, claims of creditors against the debtor's estate were to be filed on or before the approval date. In May, 1983, the Debtor petitioned the Bankruptcy Court for a bar order against the New York State Department of Social Services (the "Department") from voting on and sharing in the distribution of assets pursuant to the Debtor's Plan, or, alternatively, barring the Department if it failed to file proofs of claims as a creditor within 90 days.

In June, 1983, the Department cross-moved for permission to file proofs of claim within 90 days of an order directing such filing, for permission to vote upon and share in the Debtor's assets under its Reorganization Plan, for vacation of the Bankruptcy Court's order approving the Debtor's disclosure statement and for denial of confirmation of the proposed Reorganization Plan.

At oral argument held on July 14, 1983, Bankruptcy Judge Galgay granted leave to the Department to file its claims within 90 days holding that the Debtor had failed to satisfy the requirements of notice of the Bankruptcy Reorganization insofar as concerned the Department and adjourned decision of the Department's motion to vacate the order approving the Debtor's disclosure statement. It is from that order that the Debtor appeals to this Court.

The Debtor contends, among other things, that the Department had received actual notice of the reorganization proceedings and that this was sufficient for the requirements of notice under the Bankruptcy Act and that an extension of time to file a proof of claim to a creditor who had notice or actual knowledge of the case in time for timely filing was inappropriate;

and that the time to file claims had expired. In response, the Department asserts that concededly the Department was an unlisted, unscheduled creditor, and had had no notice of the filing of the Reorganization Plan or of the date after which filing of proofs of claim would be barred.

At the threshold, it appears that the order below is interlocutory and that the Debtor has failed to obtain leave to appeal to this Court, as required by (new) Bankr. Rule 8001(b). Pub.L. 95–598, Title IV § 405(c)(2), 92 Stat. 2682 (1978), grants this Court discretionary jurisdiction of appeals from the interlocutory orders of the Bankruptcy Court. This Court is authorized to treat the Debtor's Notice of Appeal as a motion for leave to appeal and to grant such leave. (New) Bankr.Rule 8003(c). Accordingly, this Court will treat the Debtor's appeal as properly brought.

As already indicated, the Department was an unlisted unscheduled creditor in the proceedings prior to the applications for leave to file a claim, though the Debtor contends that the Department had actual knowledge of the pendency of a reorganization petition. The Department was not named as a creditor in the petition. However, on the day of the filing thereof, the Debtor served the Department with a copy of the Certificate of Filing of its reorganization petition in furtherance of its efforts to remove a lien which had been placed upon funds owed to it by the Department. The Debtor brought an adversary proceeding to vacate that lien. The Department appeared in that proceeding as a stake-holder, but did not oppose ultimate payment of the funds to the Debtor. In the course of preparation for that proceeding, counsel for the Department sent a letter to another party to that proceeding, stating, in pertinent part; "... We have been noticed as to the filing of application for Chapter 11 proceedings in United States Bankruptcy Court, S.D.N.Y. .. in the *Matter of Bernard Moskowitz, d/b/a Rofay Nursing Home.*" A copy of that letter, dated April 3, 1981, was sent to the Debtor.

Pursuant to the disposition of the Debtor's proceeding to remove the lien against funds owed to it by the Department, counsel for the Department wrote to the Debtor on May 28, 1981, stating that a check in the sum of the amount owed would be issued and forwarded "in accordance with an order of the Bankruptcy Court, S.D.N.Y." On June 16, 1981, the Department forwarded to the Debtor a check in the amount of $96,585.09.

On July 1, 1982, the Debtor moved to amend the schedules filed in connection with its reorganization petition to include, among other things, a contingent liability in favor of the New York State Department of Social Services. A copy of the notice of that motion was sent to the Department, but was incorrectly addressed. Debtor's schedules were never amended to include the contingent liability in favor of the Department.

The Debtor filed its proposed Plan of Reorganization on July 25, 1982; however, the Department received no notice that the Plan had been filed. Similarly, on November 12, 1982, the Debtor filed its Disclosure Statement, which was thereafter approved on January 27, 1983. The Department was not notified of the Debtor's motion to approve its disclosure statement.

At oral argument held on July 14, 1983, Bankruptcy Judge Galgay found that the Department did not receive notice of the pendency of the bankruptcy proceedings as was required by (Interim) Bankr.Rule 2002. Judge Galgay found, moreover, that even if the Department had actual notice of the reorganization proceedings such notice was not sufficient to meet the notice requirement of the Bankruptcy Code, 11 U.S.C. § 523(a)(3), citing *City of New York v. New York, New Haven & Hartford Railroad Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333, *motion to modify judgment denied,* 345 U.S. 901, 73 S.Ct. 639, 97 L.Ed. 1339 (1953), in support of his conclusion.

On August 1, 1983, a new set of Bankruptcy Rules became effective. By Order of the United States Supreme Court, dated April 25, 1983, those Rules were made appli-

cable to proceedings pending on August 1, 1983 "except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice ..." The new Rules thus govern this appeal, save insofar as this court finds that their application would work an injustice.

Bankr.Rule 3003(c)(3) provides that a court "for cause shown may extend the time within which proofs of claim or interest may be filed." (Interim) Bankr.Rule 3001(b)(2)(B), in effect at all times during the pendency of Debtor's Bankruptcy petition prior to August 1, 1983, provided that a court "may, at any time, require the filing of a proof of claim within such time as it may fix." Given the similarity of these two provisions, no party to this appeal will suffer an injustice if this court applies the more recent rule in considering this appeal.

■ As a Bankruptcy Court may extend the period in which proofs of claim may be filed "for cause shown," the sole issue presented in this appeal is whether Judge Galgay was justified in finding such cause in the proceedings below. The record in this appeal contains adequate support for that finding. The Debtor failed to list the New York State Department of Social Services as a creditor in his Petition for Reorganization. Debtor improperly addressed the notice sent to the Department of its motion to amend the schedules filed in connection with its petition to include a contingent liability in the Department's favor. Debtor failed to modify those schedules to reflect that liability. Debtor failed to notify the Department of its proposed reorganization plan and of its motion for approval of its disclosure statement. This last omission is of particular significance: the Department was never apprised of the date after which its proof of claim would be barred under the Interim Rules, under unexceptional circumstances. *See* Interim Bankr.Rule 3001(b)(3).

■ The Debtor contends that the Department had actual knowledge of the pendency of its reorganization petition and therefore cannot assert appellant's failure to list the Department as a creditor or notify the Department of any of the proceedings held pursuant to that petition as a basis for permitting the Department to file a tardy proof of claim. Creditors having knowledge of a reorganization, however, have a right to be sent all notices to which they are otherwise entitled by law before their claims are forever barred. *In re Intaco Puerto Rico, Inc.,* 494 F.2d 94 (1st Cir. 1974), *In re Harbor Tank Storage Co., Inc.,* 385 F.2d 111 (3d Cir.1967). *See City of New York v. New York, New Haven & Hartford Railroad Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333, *motion to modify judgment denied,* 345 U.S. 901, 73 S.Ct. 639, 97 L.Ed. 1339 (1953). As the Department was never notified of the date after which its proofs of claim, in the normal event, would be barred, its asserted actual knowledge of the pendency of the Debtor's petition cannot preclude use by the Bankruptcy Court of Debtor's failure to notify the Department of any of the proceedings below as a basis for extending the period in which the Department may file a proof of claim.

■ The Debtor contends further that 11 U.S.C. § 523(a)(3)(A) prohibits a Bankruptcy Court from extending the time in which an unlisted, unscheduled creditor having actual knowledge of the pendency of a reorganization petition may file a proof of claim. 11 U.S.C. § 523(a) provides, in pertinent part:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*     \*     \*     \*     \*     \*

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing ...

By its terms, the above statute applies not to the granting of extensions of time for filing proofs of claim prior to confirmation of a reorganization plan, but to the efficacy of a discharge in bankruptcy effective upon the confirmation of a reorganization plan. *See* 11 U.S.C. § 1141(d)(1) (Discharge of debt under Chapter 11 effective upon confirmation of debtor's reorganization plan). In the case at bar, Debtor, a Chapter 11 petitioner, has not secured the Bankruptcy Court's approval of its reorganization plan. The Debtor thus has not been discharged from any debt, pursuant to 11 U.S.C. § 1141(d)(1). Accordingly, 11 U.S.C. § 523(a)(3)(A), which merely describes the scope of debt discharge under § 1141(d)(1), is inapposite to this case.

The inapplicability of § 523(a)(3)(A) to the instant case moreover, is made evident by the decisions of the First and Third Circuit Courts of Appeals, cited above. In both *In re Intaco Puerto Rico, Inc.* and *In re Harbor Tank Storage Co., Inc.,* the Court of Appeals permitted a creditor having actual knowledge of the pendency of the bankruptcy proceeding but not having received notice of the bar date in the proceeding to assert claims against a debtor whose reorganization plan had already been confirmed by the Bankruptcy Court. Both cases were decided while (former) 11 U.S.C. § 35(a) was in effect. That section provided, in pertinent part:

> A discharge in bankruptcy shall release a bankrupt from all of his provable debts whether allowable in full or in part, except such as
>
> \* \* \* \* \* \*
>
> (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy . . .

Under the Bankruptcy Act then in effect, however, confirmation of a plan did not automatically discharge a corporate bankrupt from its debts and liabilities: a final decree of discharge had to be entered by the Bankruptcy Judge upon consummation of a plan. *See* (former) 11 U.S.C. § 628. Thus, the debtors in both *In re Intaco Puerto Rico, Inc.* and *In re Harbor Storage Co., Inc.*—both corporations to which (former) § 628 was applicable—had not been discharged from their debts at the time late claims against them were filed. As such (former) 11 U.S.C. § 35(a) did not operate to bar those late claims.

The case at bar is similar to *In re Intaco Puerto Rico, Inc.* and *In re Harbor Storage Co., Inc.* In those cases, the debtors had not secured discharge of their debts by discharge order at the time unlisted, unscheduled creditors having actual notice of the pendency of bankruptcy proceedings sought to press claims. In the instant case, the Debtor had not secured discharge of its debts by confirmation of its reorganization plan when the Department sought the Bankruptcy Court's leave to file a proof of claim. (Former) 11 U.S.C. § 35(a) did not operate to preclude creditors' claims in the former cases; 11 U.S.C. § 523(a)(3)(A)—the successor to § 35(a)—should not so operate herein.

The record below contains ample support for Judge Galgay's finding of cause justifying extension of the period granted the Department of Social Services for filing a proof of claim. The relevant case law clearly indicates that any actual notice the Department may have had of the pendency of proceedings herein cannot preclude such a finding. That case law, and a common sense reading of 11 U.S.C. § 523(a)(3)(A), indicates moreover that that section does not bar extension of the period granted a creditor of a bankrupt to file a proof of claim.

Accordingly, the order of the Bankruptcy Judge is affirmed.

SO ORDERED.