### In re AMERICAN SKATE CORPORATION, Debtor.

### Bankruptcy No. 83–411.

United States Bankruptcy Court, D. New Hampshire.

June 19, 1984.

David K. Fulton, Portsmouth, N.H., for debtor.

Robert L. Lynn, Asst. U.S. Atty., Concord, N.H., John F. Rodgers, Washington, D.C., for EDA.

MEMORANDUM OPINION and ORDER

JAMES E. YACOS, Bankruptcy Judge.

This case is before the court on a Motion filed March 13, 1984 by the United States seeking an extension of time for the filing of a proof of claim. The claims deadline in this proceeding was fixed as January 13, 1984, by a prior order of the court entered September 20, 1983. With the motion the United States also submitted a proof of claim on behalf of the Economic Development Administration, U.S. Department of Commerce, in the amount of $1,321,037.70, plus interest to the time of the Chapter 11 filing in the amount of $147,570.98, which it seeks to have leave to file under the extension requested.

Bankruptcy Rule 3003, effective August 1, 1983, governs this matter. This Rule, unlike prior law, now permits a request for an extension of a claims deadline to be considered even after the claims deadline has expired. Subsection (c)(3) of Rule 3003 provides: "The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." This provision only applies in Chapter 11 cases. In Chapter 7 and Chapter 13 cases the rules still require that any application for extension of the claims deadline period be made before the deadline expires. See Bankruptcy Rule 3002.

The Motion of the United States therefore is timely and can be considered by this court with regard to an extension of the claims deadline. The burden is on the government to establish "cause" for such an extension under the language of Rule 3003.

The government concedes that it received the September 20, 1983 claims bar order and had notice of the January 13, 1984 claims deadline. Due to an internal problem of misfiling, this document was not brought to the attention of the appropriate officials until February of 1984. Under the rulings of those courts which have equated the "for cause" standard in Rule 3003 with the "excusable neglect" standard set forth in Rule 9006(b)(1), this internal error clearly would not justify an extension of the claims deadline. See e.g. *Manufacturer's Hanover Trust Co. v. Horvath*, 20 B.R. 962, 6 CBC 2d 1302 (S.D.N.Y.1982); *In re O.P.M. Leasing Services*, 35 B.R. 854 (S.D.N.Y.1983); But cf. *In re Hardy*, 33 B.R. 77, 80 (Bkrtcy.Nev.1983).

▮ The government contends however that there are additional facts surrounding the commencement of this case, and particularly how the creditors were scheduled in the debtor's initial papers, that constitute sufficient "cause" to grant an extension of the claims deadline as to their proof of claim.

Under Rule 3003(c)(2), creditors in a Chapter 11 who are scheduled by the debtor need not file a proof of claim at all unless their claim is listed as "disputed, contingent, or unliquidated." In the present case the EDA claim of the Department of Commerce was listed on Schedule A–2 ("Creditors holding security") as "unliquidated" but in the precise amount of $1,460,130.01. It also appears that all but one of the ninety-nine creditors listed in the schedules were listed with precise dollar amounts but with the "unliquidated" reference as to each claim. The sole exception to this pattern was one debt listed as being owing to the debtor's president.

It further appears that of the ninety-nine creditors listed only nineteen filed proofs of claim within the time allowed, and that with the exception of the EDA claim the scheduled unsecured debt of $553,927.00 has been reduced by $310,206.00 by virtue of the scheduling of all claims as "unliquidated" and the subsequent non-filing of the great majority of the listed creditors. The problems creditors have in determining whether they need to file a proof of claim in this context has been considered recently, in a decision exploring the constitutional due process notice requirements, in *In re Middle Plantation of Williamsburg, Inc.*, 36 B.R. 873 (E.D.Va.1984).

It should also be noted that the proof of claim that the government seeks leave to file is a *secured* rather than an *unsecured* claim. Although no court apparently has yet specifically so held, it would appear under the new Bankruptcy Code and Bankruptcy Rules that a secured creditor now must file a proof of claim if the security is inadequate, and the creditor seeks to assert an unsecured deficiency claim against the estate. See Bankruptcy Code §§ 501, 1111(a); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 351 (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963, 6307; S.Rep. No. 95–989, 95th Cong., 2d Sess. 61 (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5847. That fact however does not take away from a key distinction between the secured and unsecured creditor in this context, i.e., the secured creditor normally, as here, has recorded financing statements and documents establishing a lien upon the debtor's assets. In a Chapter 11 proceeding that lien interest did not have to be further established by any proof of claim and continues notwithstanding the claims bar order.

Considering the total circumstances in this case, the court concludes that sufficient "cause" has been established to justify the extension of the claims deadline to permit the filing of the government's claim as requested. The debtor has not yet filed a plan of reorganization and no disruption of a plan of reorganization "on the eve of confirmation" will occur by virtue of allowing the government's claim to be filed.

Moreover, to do otherwise would in effect reward the debtor with a "windfall" of substantial proportions, by virtue of a routine scheduling of all creditors as "unliquidated" claims. This practice should be discouraged to implement the proper purposes of a Chapter 11 proceeding. See 5 *Collier On Bankruptcy*, 15th Ed., § 1111.01 (1983) ("Section 111(a) serves a useful purpose in

the reorganization scheme of Chapter 11 if and only if trustees and debtors respect the intent of the draftsmen .... Schedules should list as disputed, contingent, and unliquidated only those claims which are clearly the subject of dispute as of the date of the filing of the schedules or are clearly contingent or unliquidated. A trustee or debtor should not list all claims as disputed, contingent, and unliquidated as a device to avoid the responsibility of carefully preparing the schedules").

The government's motion is granted, the claims deadline is extended as requested, and the clerk is directed to file the government's proof of claim as of March 13, 1984.