**In re James Franklin WHITTEN and Denease J. Whitten, Debtors.**

**Bankruptcy No. 84–04708.**

United States Bankruptcy Court, N.D. Alabama.

May 2, 1985.

Michael W. Landers, Sylacauga, Ala., for debtors.

W.T. Campbell, Jr., Sylacauga, Ala., for creditor, McClure Motor Co.

### FINDINGS, CONCLUSIONS, AND ORDER ON TIME FOR FILING PROOF OF CLAIM

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case was commenced by a petition filed under title 11, chapter 13, United States Code, by the debtors' petition filed in this Court on September 10, 1984, and said case continues to be pending under said chapter, in this Court. At a hearing upon the matter of confirming the debtors' chapter 13 plan, on January 24, 1985, the matter of whether the proof of claim of McClure Motor Company (hereinafter referred to as McClure), a duly-listed creditor, was timely filed in this case and, therefore, duly allowed was submitted to the bankruptcy judge for a ruling.

*Findings of Fact—*

The date of mailing of the proof of claim, by the creditor to the clerk of the bankruptcy court, was stated by counsel for McClure to have been January 15, 1985. This statement is not contradicted by the attorney for the debtors or by the standing chapter 13 trustee. The remainder of the facts involved in this matter appear of record. The facts herein are found by the bankruptcy judge as follows:

1. The debtors' petition was filed September 10, 1984, and the clerk of the bankruptcy court mailed a notice of the meeting of creditors and other matters to the parties in interest, on September 19, 1984, including McClure;

2. The clerk's notice contained a statement that a meeting of creditors, pursuant to 11 U.S.C. § 341(a), would be held on October 18, 1984, and a statement that "[Bankruptcy] Rule 3002 provides that 'a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors,' with some few exceptions stated in the rule," and that "Rule 5005 provides that a proof of claim shall be filed in the office of the Clerk of the Bankruptcy Court";

3. On January 15, 1985, McClure mailed to the clerk of the bankruptcy court its proof of claim, reciting a sum due of $1,602.65, allegedly secured by a security interest in a 1957 model Chevrolet automobile, but not having attached a copy of a "financing statement";[1]

4. The proof of claim was received at the office of the clerk of the bankruptcy court and stamped "FILED Jan 18, 1985 . . .," which was a Friday; and

5. The filing stamp on the proof of claim was stricken, and on January 21, 1985, the clerk notified McClure by mail that "[t]he last day to file claims in this case was January 16, 1985," and that the proof of claim was being returned, pursuant to an administrative order dated April 20, 1984, a copy of which was attached.

*Conclusions by the Court—*

Counsel for McClure, in a memorandum, contends that the last day to file proofs of claim in this case was not January 16, but January 19, 1985, because "Bankruptcy Rule 9006(f) adds an additional three days to the prescribed time period for service by mail." Counsel further argues that the proof of claim should be considered to have

been filed on the date of mailing (January 15, 1985) because "service is complete upon depositing certain documents in the United States Mail, postage prepaid to the appropriate addressee."

Considering the latter argument first, the bankruptcy judge does not conclude that the filing of a proof of claim is a matter of its "service." Bankruptcy Rule 9006(e) provides that service "of notice by mail is complete on mailing," but the matter involved here is not a giving of notice to the clerk of the bankruptcy court. The matter involved here is the "filing" of a proof of claim with the clerk of the bankruptcy court. This is covered by Bankruptcy Rule 3002(b) which states that it "shall be filed in accordance with Rule 5005." Bankruptcy Rule 5005(a) provides that the proof of claim "shall be filed with the clerk of the court in which the case . . . is pending." As provided in Bankruptcy Rule 9001(4), "'[c]lerk' means clerk of the bankruptcy court." The bankruptcy judge concludes that the date of filing of McClure's proof of claim was the date on which it is indicated that it was received in the office of the clerk of the bankruptcy court.[2] This was January 18, 1985. The date of mailing is irrelevant.

In a chapter 13 case, the basic time period allowed for the filing of a proof of claim is "within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code," as stated in Bankruptcy Rule 3002(c). This part of the rule sets forth certain exceptions to the general requirement, but they are not applicable to the circumstances in this case. This rule also applies to chapter 7 cases, but a different rule (Rule 3003) governs the filing of a proof of claim under chapter 9 or 11. Part (b) of Bankruptcy Rule 9006 generally permits the bankruptcy court to enlarge the time for an act to be done after the expiration of a specified time period "where the failure to act was the result of

---

1. The term "financing statement" is referred to in Code of Alabama, § 7–9–302(1) (1975), as amended, and is described in § 7–9–402 of said Code, as amended.

2. *See, In re Markey,* 33 B.R. 332, 334 (B.C.N.D. Ohio 1983) (perhaps, dictum); *Cf., In re Imperial Sheet Metal, Inc.,* 352 F.Supp. 1149 (M.D.La. 1973), and authorities discussed therein.

excusable neglect"; however, enlargement of the time for the filing of a proof of claim in a chapter 7 or 3 case, under Bankruptcy Rule 3002(c) is specifically limited "to the extent and under the conditions stated in [that rule]." By the terms of Rule 3002(c), enlargement of the time for filing a proof of claim is only in regard to those narrow circumstances, hereinbefore referred to, which have no application in this case, such as the filing of a proof of claim for "an infant or incompetent person."

Bankruptcy Rule 2002(a) requires that the clerk or some other person designated by the court shall give the debtor, the trustee, and all creditors not less than 20 days notice by mail of the meeting of creditors pursuant to § 341 of the Code. In part (f) of that rule, it is required that notice by mail be given to the creditors and others of "the time allowed for filing claims pursuant to Rule 3002." The clerk's notice to creditors, of September 19, 1984, complied with Rule 2002, by notifying creditors of the meeting of creditors to be held on October 18, 1984, a Thursday, and of the fact that Rule 3002 provided that a proof of claim would have to be filed within 90 days after the first date set for the creditors' meeting. The 90th day after October 18, 1984, was a Wednesday, January 16, 1985.

The argument for the creditor that this day was extended by three days (to January 19, 1985) due to the fact that the clerk's notice was given by mail, and that the creditor's proof of claim was timely filed on January 18, 1985, is a misconstruction or misapplication of the provisions of part (f) of Bankruptcy Rule 9006.

Bankruptcy Rule 9006(f) provides as follows:

ADDITIONAL TIME AFTER SERVICE BY MAIL. When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

It appears to the bankruptcy court that it would be a strange construction to interpret Bankruptcy Rule 3002(c) as providing that a proof of claim may be filed within 90 days after the meeting of creditors, plus three more days given under Bankruptcy Rule 9006(f), because the clerk's notice of the creditors' meeting and of the requirements for filing a proof of claim were given to the creditor by mail. The Bankruptcy Rules provide no other means than by mail for the clerk to give these notices, as provided for in parts (a) and (f) of Rule 2002. It would appear reasonable to conclude that Bankruptcy Rule 3002(c) was written in light of the fact that creditors would be notified of its provisions and of the date first set for the creditors' meeting by means of a notice mailed by the clerk under Rule 2002 and that the time stated for the filing of proofs of claim would not be altered by that inevitable fact.[3]

Furthermore, and perhaps controlling, is that a reading of Bankruptcy Rule 9006(f) shows that literally it does not apply to the time period for the creditor to file a proof of claim in a chapter 13 case. The rule refers to the right to do an act "within a prescribed period after service of a notice," when the notice is served by mail. The filing of a proof of claim is not within a *prescribed period* "after service of a notice." The filing of a proof of claim is an act within a *prescribed period* of "90 days after the first date set for the meeting of creditors." It is the date first set for the meeting of creditors which triggers the running of the time for the filing of the proofs of claim—not the mailing of the notice by the clerk of the court.

It is clear that McClure's proof of claim was filed two days late or, more accurately, that it was tendered for filing two days late. It is equally clear that the bankruptcy judge has no discretion to enlarge or extend the bar date or order that the claim be allowed. Section 501 of title 11, United States Code, twice contains provisions that rest upon the condition which exists when

---

3. *Cf. In re Imperial Sheet Metal, Inc.,* 352 F.Supp. 1149, 1155–56 (M.D.La.1973).

"a creditor does not timely file a proof of such creditor's claim," and it cannot be doubted that it was intended for the Bankruptcy Rules to spell out the requirements for the timely filing of such a proof of claim.

### Order by the Court

In view of the foregoing, for cause, it is ORDERED by the Court that the proof of claim tendered by McClure Motor Company in this case is adjudged not to have been timely filed and not to be an allowed claim in this case, that the oral request by this creditor's attorney for the Court to order that the claim be allowed is denied, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtors, the debtors' attorney, the creditor, the creditor's attorney, the standing chapter 13 trustee, and the United States trustee for this district.