**In re John G. WELLMAN, Debtor.**

**Bankruptcy No. 84–01142.**

United States Bankruptcy Court,
D. South Carolina.

Sept. 16, 1985.

### ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the motion of Budd Leasing Corporation (Budd) for:

1.  A declaration that it was unnecessary under Bankruptcy Rule 3003 for Budd to file a proof of claim;

2.  A declaration that the proof of claim filed by Budd on November 26, 1984, was filed within the 90 day period specified by the court, and was filed timely upon its being mailed to the Clerk of this court;

3.  An enlargement of the time period, specified by this court for the filing of Budd's proof of claim, to November 27, 1984 pursuant to Bankruptcy Rule 9006(b)(1).

### FACTS

The debtor in possession, John G. Wellman, filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) [1] on August 1, 1984.

An order was sent to creditors on August 1, 1984, fixing (pursuant to § 341(a)) August 4, 1984, as the date for a meeting of creditors. The order directed that

---

1. Further reference to the Bankruptcy Code shall be by section number only.

"claims must be filed within 90 days after the date set for the meeting of creditors."

Budd's claim was received by the Clerk of the Bankruptcy Court on November 27, 1984.

Schedule A–3 of the debtor's petition for relief indicates that the $911,867.90 claim of Budd Leasing Corporation is contingent.

## DISCUSSION

### I

Because the debtor in possession filed for relief under Chapter 11, Bankruptcy Rule 3003[2] applies; and creditors must file proofs of claim accordingly. Bankruptcy Rule 3003(b)(1) provides:

> The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest *except as provided in subdivision (c)(2) of this rule.* (Emphasis added).

Bankruptcy Rule 3003(c)(2) provides:

> Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, *contingent,* or unliquidated *shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule;* any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution. (Emphasis added).

Furthermore, the order for the § 341 meeting of creditors directed that:

> creditors whose claims are not listed or whose claims are listed as disputed, *contingent,* or unliquidated as to amount and who desire to participate in the case or share in any distribution *must file*

their proofs of claim on or before the last day fixed for filing a proof of claim. (Emphasis added).

Bankruptcy Rule 3003(c)(3) provides that "The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."

■ The court has fixed the time for filing proofs of claim on the notice of the meeting of creditors as "within 90 days after the date set for the meeting of creditors." Inasmuch as Budd's claim was scheduled as contingent by the debtor, Budd should have filed a proof of claim within the 90–day period. Bankruptcy Rules 3003(b)(1), 3003(c)(2), 3003(c)(3); *See, In re American Skate Corp.,* 39 B.R. 953 (Bankr.D.N.H.1984); *In re Moskowitz,* 35 B.R. 750 (S.D.N.Y.1983).

### II

Budd asks this court to hold that its proof of claim was filed timely (*ergo,* within the 90 day period specified by the court) on November 26, 1984, when it was mailed to the Clerk of Court.

■ The date set by the court for the meeting of creditors was August 27, 1984. The formula for the computation of the 90–day period is mandated in Bankruptcy Rule 9006(a).[3] In computing the 90–day period, pursuant to Bankruptcy Rule 9006(a), November 26, 1984 was the last day for timely filing proofs of claim pursuant to Bankruptcy Rule 9006(a). Budd's counsel admits that November 26, 1984 is the last day for filing proofs of claim. Therefore, the claim of Budd, which was received by the Clerk on November 27, 1984, was not timely filed.

Budd also urges this court to find that the claim was filed as of November 26, 1984, the date on which it was mailed to the Clerk. This position has been rejected by other courts, and is rejected herein. *In re*

**2.** Bankruptcy Rule 3003(a): This rule applies in Chapter 9 and Chapter 11 cases.

**3.** Bankruptcy Rule 9006(a) in pertinent part provides: In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable

statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, .... .

*Markey,* 33 B.R. 332 (Bankr.N.D.Ohio 1983); *In re Seminole Backhoe Services, Inc.,* 33 B.R. 914 (Bankr.N.D.Tex.1983).

In *Markey* the court stated:

The fact that the claim itself may have been mailed to the court prior to the deadline, however, does not constitute a timely "filing" of the claim as required by the rule. The "filing", as required by the rule, is the date the item in question was delivered into the actual custody of the court rather than the date it may have been mailed.

*Markey, supra* at 334.

Budd suggests that Bankruptcy rule 9006(f) affords Budd an additional three days within which to mail its claim to the Clerk of Court.

Bankruptcy Rule 9006(f) provides:

When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

This rule does not apply here. In *In re Whitten,* 49 B.R. 220, 222 (Bankr.N.D.Ala. 1985) the court stated:

Furthermore, and perhaps controlling, is that a reading of Bankruptcy Rule 9006(f) shows that literally it does not apply to the time period for the creditor to file a proof of claim in a Chapter 13 case. The rule refers to the right to do an act within a prescribed period after service of a notice, when the notice is served by mail. The filing of a proof of claim is not within a *prescribed period* 'after service of a notice.' The filing of a proof of claim is an act within a *prescribed period* of '90 days after the first date set for the meeting of creditors.' It is the date set for the meeting of creditors which triggers the running of the time for the filing of the proofs of

claim—not the mailing of the notice by the Clerk of Court.

Inasmuch as Budd's claim, which should have been received by the clerk on November 26, 1984, was not received until November 27, 1984, it was not filed timely.

## III

Also, Budd seeks the enlargement of the time period specified by this court within which to file its proof of claim to November 27, 1984 pursuant to Rule 9006(b)(1).[4]

Since this motion to enlarge the time period was filed after the expiration of the specified period Budd must show that the failure to act was a result of excusable neglect. Bankruptcy Rule 9006(b)(1), (2).

This court previously addressed the issue of "excusable neglect" in *In re Mickel,* 35 B.R. 28 (Bankr.D.S.C.1983), in which it cited *Manufacturers Hanover Trust Co. v. Horvath (In re Horvath),* 20 B.R. 962 (Bankr.S.D.N.Y.1982), for the proposition that "the burden of proving excusable neglect is on the party requesting the extension of time." *Mickel, supra,* at 30. This court adopted the "widely accepted definition" of excusable neglect, set forth in *Beneficial Finance v. Manning (In re Manning),* 4 B.C.D. 304 (D.Conn.1978), as: "[t]he failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Manning, supra,* at 305.

■ An applicant relying upon "excusable neglect" must show "circumstances that are unique or extraordinary." *In re O.P.M. Leasing Services, Inc.,* 35 B.R. 854, 866 (Bankr.S.D.N.Y.1983) (citations omitted). Here, Budd contends that its neglect to mail timely the claim should be excused because the last day for filing

---

**4.** Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

timely fell on the Monday after Thanksgiving.

Budd had notice of the deadline; its delay in filing the claim was solely within its control. " 'Excusable neglect' should not be found to exist when the delay resulted from matters solely within the debtor's control." *Mickel, supra*, at 31.

Inasmuch as (1) Budd had ample notice of the deadline, (2) the record does not evince unique or extraordinary circumstances to justify Budd's neglect to file timely the claim, and (3) the delay was totally within its control, Budd has failed to meet its burden of showing "excusable neglect".

## IV

### A

Although not asserted as a ground for relief, Bankruptcy Rule 3003(c)(3) provides that: "The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."

In order for this court to enlarge the time for filing a proof of claim pursuant to B.R. 3003(c)(3), the creditor must show "cause". *In re Terex Corporation*, 45 B.R. 290 (Bankr.N.D.Ohio 1985). *Moskowitz, supra. American Skate, supra.* In *Moskowitz* "cause" was found because:

> The Debtor failed to list the New York State Department of Social Services as a creditor in his Petition for Reorganization. Debtor improperly addressed the notice sent to the Department of its motion to amend the schedules filed in connection with its petition to include a contingent liability in the Department's favor. Debtor failed to modify those schedules to reflect that liability. Debtor failed to notify the Department of its proposed reorganization plan and of its motion for approval of its disclosure statement. This last omission is of particular significance: the Department was never apprised of the date after which its proof of claim would be barred under the Interim Rules, under unexceptional circumstances.

*Moskowitz, supra*, at 753.

In *American Skate Corp.* the court found that:

> [c]ause has been established to justify the extension of the claims deadline to permit the filing of the government's claim as requested. The debtor has not yet filed a plan or reorganization and no disruption of a plan of reorganization 'on the eve of confirmation' will occur by virtue of allowing the government's claim to be filed.
>
> Moreover, to do otherwise would in effect reward the debtor with a 'windfall' of substantial proportions, by virtue of a routine scheduling of all creditors as 'unliquidated' claims. This practice should be discouraged to implement the proper purposes of a Chapter 11 proceeding.

*American Skate, supra*, at 954.

In *American Skate* the debtor had listed all but one of its ninety-nine creditors with precise dollar amounts but stated the debts to be "unliquidated". The sole exception was one debt which was listed as being owed to the debtor's president. *American Skate, supra* at 954. By such listing, the debtor therein reduced its scheduled unsecured debt by over thirty percent when the creditors failed to file as required by Bankruptcy Rule 3003(c)(2).

In the instant case, because the debtor in possession has not filed a plan of reorganization, no disruption "on the eve of confirmation" of the plan of reorganization will occur by virtue of allowing Budd's claim to be filed now.

The debtor in possession has informed the court that he plans to pay his creditors 100% of their claims. Under the circumstances, to allow the debtor in possession to escape the obligation to Budd because of the untimely filing of the a proof of claim would create a windfall for the debtor in possession.

### B

The court is granted broad equitable powers by § 105(a).

■ Inasmuch as (1) the debtor has failed to file a plan of reorganization, (2) no disruption of the plan or reorganization "on the eve of bankruptcy" will occur, (3) the

debtor in possession plans to make a 100% payment on all claims, and (4) allowing the debtor in possession to avoid liability would provide the debtor a windfall, this court is of the opinion that cause exists to extend the time for filing a proof of claim, pursuant to Bankruptcy Rule 3003(c)(3). However, in order to prevent any prejudice to those creditors who did timely file proofs of claim, Budd's claim shall be subordinated to all other claims pursuant to § 105(a). *See also* § 510(c).

### ORDER

Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

1. The motion of Budd Leasing Corporation for the extension of time—within which to file its proof of claim—to November 27, 1984, is granted; and

2. The claim of Budd Leasing Corporation shall be subordinated to all timely filed proofs of claim.