**In re Edward ROBERTS, d/b/a Roberts Construction, Debtor.**

**Bankruptcy No. 87–00053.**

United States Bankruptcy Court, D. Vermont.

March 31, 1989.

Raymond J. Obuchowski, Mayer, Berk & Obuchowski, South Royalton, Vt., trustee, pro se.

Fred I. Parker, Langrock, Sperry, Parker & Wool, Burlington, Vt., for creditor Gordon N. Owen, d/b/a G.N. Owen & Sons (Owen).

MEMORANDUM DECISION [1] ON DISALLOWANCE OF CLAIM

FRANCIS G. CONRAD, Bankruptcy Judge.

Owen moves the Court, under Rules of Practice and Procedure in Bankruptcy Rule 3008, to reconsider the disallowance of its claim and the allowance of the trustee's final accounting. Owen argues that be-

1. We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b) and the general reference to this Court. This is a core matter under 28 U.S.C. § 157(b)(2)(B). This Opinion constitutes findings of fact and conclusions of law under F.R.Civ.P. 52 as made applicable by Rules of Practice and Procedure in Bankruptcy Rule 7052.

cause the Bankruptcy Clerk's Office notified it by mail of the ninety (90) day period within which to file a proof of claim under Bankruptcy Rule 3002(c)(5), by virtue of Rule 9006(f), Owen had an additional three (3) days within which to file its claim. The trustee disagrees.

The facts are straightforward and are not disputed. Debtor filed its voluntary Chapter 7 petition on March 17, 1987. According to the debtor's filed schedules, there was no estate from which any dividend could be paid to creditors. On March 24, 1987, the Court issued a Notice Order setting the first meeting of creditors and indicating that it was unnecessary to file claims at that time. Assets were eventually realized and, on August 4, 1987, the Bankruptcy Clerk mailed a "Notice to Creditors and Other Parties in Interest of the Need to File Claims." The Clerk's notice advised creditors they must file their proofs of claims in this case on or before November 2, 1987.

Owen dated and mailed its proof of claim to the Bankruptcy Clerk on October 30, 1987. The proof of claim was received and file stamped by the Bankruptcy Clerk's Office on November 5, 1987, three days beyond the bar date. Owen received notice of the filing of the trustee's report and final account, and notice of a hearing for approval of same between November 17, 1988 and November 29, 1988.[2] Included in the final account was the trustee's disallowance of Owen's claim against Debtor in the amount of $4,479.26 as not being timely filed. The trustee's report and final account were heard and approved by the Court on December 19, 1988. Neither Owen, nor counsel for Owen, appeared at the hearing. On December 27, 1989, Owen filed its "Motion to Reconsider Disallowance of Claim and Allowance of Final Account." After a February 6, 1989 hearing on the motion to reconsider, we reserved decision.

The Rules of Practice and Procedure in Bankruptcy provide us with the initial framework for an analysis of this dispute. Bankruptcy Rule 3002(c)[3] governs the time within which proofs of claims must be filed in Chapter 7, Chapter 12,[4] and Chapter 13 cases. The case law in this Circuit consistently regards the prescribed time period allowed for the filing of proofs of claims set forth in Rule 3002(c) as a statute of

---

2. *See,* Owen's "Motion to Reconsider Disallowance of Claim and Allowance of Final Account," pg. 1.

3. Rules of Practice and Procedure in Bankruptcy Rule 3002(c) provides:

    **(c) Time for Filing.** In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

    (1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

    (2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

    (3) An unsecured claim which arises in favor of a person or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that person or denies or avoids the person's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

    (4) A claim arising from the rejection of an executory contract of the debtor may be filed within the time as the court may direct.

    (5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

    (6) In a chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time hereinabove prescribed.

4. Chapter 12 cases are governed by Rule 3002(c) as well, although the rule does not so specify. *See, In re Wharry,* 91 B.R. 31 (Bkrtcy.N.D.Ohio 1988); *In re King,* 90 B.R. 155 (Bkrtcy.E.D.N.C. 1988). *See also,* VLBR 3002.

limitations barring late filing.[5] *In re Nohle*, 93 B.R. 13, 15 (Bkrtcy.N.D.N.Y. 1988) (citing cases). *Accord, Associated Container Transportation [Australia] Ltd. (In re Black & Geddes, Inc.)*, 58 B.R. 547, 552–53 (S.D.N.Y.1984). "This ... filing requirement is a mandatory nondiscretionary statute of limitations, and may not, therefore, be extended by the courts once it has expired." *Lazar v. Sullivan (In re Sullivan)*, 36 B.R. 771, 772 (Bkrtcy.E.D.N.Y.1984). *See, In re Alstead Automotive Warehouse, Inc.*, 16 B.R. 924 (Bkrtcy.E.D.N.Y.1982).

In *In re Valley Fair Corp.*, 4 B.R. 564 (Bkrtcy.S.D.N.Y.1980), a Chapter XI Act case involving a dispute whether the period of time Ordered by the Court for the filing of a claim by the creditor constitutes a statute of limitations, Judge Babitt held:

> It is no longer a litigable issue, and needs no citation of abundant authority, that the period fixed by statute for the filing of claims against the assets of an estate is a statute of limitations, mandatory and inexorable, peremptory and unyielding even to the exercise of some equitable power.... Internal proof that no deviation was contemplated [by Congress] is found in ... [former] Rule 906(b)....

*Id.*, at 566–67. (parentheticals supplied for clarity).

These Courts have found that the rule is to be strictly construed "because the purpose of a claims bar date is to provide the debtor and its creditors with finality and to insure the swift distribution of the bankruptcy estate." *In re Nohle, supra*, at 15, citing, *In re Johnson*, 84 B.R. 492, 494 (Bkrtcy.N.D.Ohio 1988) and *In re Good News Publishers, Inc.*, 33 B.R. 125, 126 (M.D.Tenn. 1983). We agree. Furthermore, implicit in Rule 3002(c) is the restriction that the ninety (90) day time period for filing proofs of claims cannot be enlarged unless one of six exceptions are germane. The terms of Rule 3002(c) permit an enlargement of the time within which to file a proof of claim only in the presence of certain very narrowly constructed situations such as for the filing of a claim by an infant or incompetent person, or in the event there remains a surplus after all other allowed claims have been satisfied.

Rules of Practice and Procedure in Bankruptcy Rule 9006(b) governs the Bankruptcy Court's authority to enlarge time. We are empowered by virtue of Rule 9006(b), upon a showing of excusable neglect, to extend the time constraints for undertaking a required act. The express language of that subsection, however, states that such a showing may not be made to extend the time period prescribed in Rule 3002(c) for the filing of Chapter 7, 12, or 13 claims. *See*, Rules of Practice and Procedure in Bankruptcy Rule 9006(b)(3). *See also, In re Popular Fruit & Produce, Inc.*, 21 B.R. 185 (Bkrtcy.S.D.N.Y.1982).

We note that inherent in the strict time requirements of the Bankruptcy Rules is the assumption that a creditor has received notice. If notice is given as required by

---

**5.** We make a clear distinction between the Rule 3002(c) provisions for the time within which one must file a proof of claim in a Chapter 7, 12, or 13 case and Rule 3003(c)(3). Under Rule 3003(c)(3), the Court fixes the time within which proofs of claims may be filed in a Chapter 11 reorganization case. Additionally, Rule 3003(c)(3) provides that "for cause shown," the Court may extend the time within which proofs of claims may be filed. The District Court for the District of Vermont, in reversing our denial of a Chapter 11 creditor's motion to enlarge time for filing of a proof of claim under Rule 3003(c)(3), commented on the statute of limitations analogy:

> "Although courts have ascribed statute of limitations characteristics to the claims bar, the claims bar departs from a statute of limitations in one essential fashion. Unlike the finality of a statute of limitations, the claims bar is subject to statutory and equitable extension.... Rule 3003(c)(3) orders lack the finality contemplated by Bankruptcy Rule 9024 and F.R.Civ.P. 60(b)." *In re STN Enterprises, Inc.*, 99 B.R. 218, (D.Vt.1988). Billings, D.J. (now Chief Judge).

The instant issue, however, is a late-filed Chapter 7 proof of claim upon which Rule 3003(c)(3) has no application. Unlike Rule 3003(c)(3), Rule 3002(c) creates a statute of limitations barring statutory or equitable extension. Rule 3002(c) subsections (1) through (6) provide specific exceptions to the 90 day time frame within which to file proofs of claim, but which are in themselves strictly controlled and limited by Rule 3002. *See*, Rules of Practice and Procedure in Bankruptcy Rule 9006(b)(3).

Bankruptcy Rule 2002 save circumstances which fall under the enlargement provisos of Rule 3002(c), the time prescribed for the filing of a Rule 3002 proof of claim is quite simply an absolute bar date.

Notice, or rather, lack thereof, is not an issue here. Owen received notice of a no-assets bankruptcy filing which subsequently realized assets. Owen's proof of claim is one which we categorize as a Rule 3002(c)(5) proof of claim. Subsection (5) is technically an exception to the claims bar date mandated by 3002(c). The enlargement afforded by Rule 3002(c)(5), however, is, in this Court's eyes, separate and unique from the other five subsections [of Rule 3002(c)]. Whereas the other five subsections may truly modify the 90 day time limit to a time frame unspecified, subsection (5) provides the original 90 day time frame directed by subsection (c). The distinction made in subsection (5) is only an adjustment of *when* the 90 days begin to run.

Subsection (5) cannot realistically be termed an enlargement provision. The original 90 day time frame is not enlarged because it never originally existed. In a noticed no-assets case, either a creditor's common sense or the Clerk of the Bankruptcy Court, or both, stall the necessity of filing a claim. Hence, the 90 day period commencing from the date of the § 341(a) meeting, prescribed in Rule 3002(c), never begins to run—at least not in a practical sense. When assets are realized, a new 90 day period is created under subsection (5).

Accordingly, while we recognize an absolute bar date is created under Rule 3002(c), save certain explicit circumstances permitting enlargement under Rule 3002(c)'s subsections, we also hold that a Rule 3002(c)(5) proof of claim, by its nature and because of its nature, does not qualify for departure from the absolute bar date.

■ The heart and soul of this contested matter rests then in our understanding of Rule 9006(f), and whether we perceive it as applicable to an absolute bar date.

Owen suggests that Bankruptcy Rule 9006(f) [6] affords it an additional three days within which to file its claim. Owen's claim was received and file stamped by the Bankruptcy Clerk three days beyond the bar date, and therefore, according to Owen, by the power of Rule 9006(f)'s three day extension provision, the claim is not untimely filed. Owen does not provide us with case law which might support its argument. Owen instead reminds us "the basic premise for allowance of a reconsideration request is that reconsideration should be granted 'according to the equities of the case.'" "Bankruptcy Code § 502(j)." (Owen's "Memorandum in Support of Motion to Reconsider," pg. 1). We, of course, agree and have indeed granted its request for reconsideration. But Owen continues further—buttressing with a plea to our equitable nature which states: " ... the disallowance of the Owen claim could only have resulted from a misreading or misapplication of the law.... [T]he disallowance was improper and amounts to a substantial inequity on this Creditor. There is no reason why Owen ought to be treated differently than the other general unsecured creditors whose claims have been allowed." (Owen's "Memorandum in Support of Motion to Reconsider," pp. 1–2).

Pondering for a moment this appeal to our equity,[7] we are disturbed by Owen's inference that, through a judicial interest towards evenhanded treatment to creditors, (and which equitable treatment should en-

---

**6.** Rules of Practice and Procedure in Bankruptcy Rule 9006(f) provides:

**(f) Additional Time after Service by Mail.** When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.

**7.** We make clear that Owen does not formally move to enlarge, or to extend, the bar date, and rightly so—such a motion, here, would clearly fail under Rules 9006(b) and 3002(c). We are not quite sure what it is that Owen asks of us on this point. We believe it has made some leap from reconsideration based on equities to allowance based on equities. Accordingly, for sake of completeness, we discuss briefly the policy this Court employs regarding equitable enlargement.

compass, according to Owen, those holding disallowed claims as well), we may betray an absolute bar date which gives us no discretionary power to enlarge the time for filing a Rule 3002(c) proof of claim. *In re Nohle, supra; In re Kragness*, 82 B.R. 553, 556 (Bkrtcy.D.Or.1988). See, *In re Owens*, 67 B.R. 418, 423 (Bkrtcy.E.D.Pa. 1986); *In re Whitten*, 49 B.R. 220, 222–23, 13 BCD 42 (Bkrtcy.N.D.Ala.1985); *In re Ryan*, 54 B.R. 105, 106 (Bkrtcy.E.D.Pa. 1985); *In re Markey*, 33 B.R. 332, 333–34 (Bkrtcy.N.D.Ohio 1983).

As we have already said, Rule 9006(b) explicitly excludes Rule 3002 proofs of claims from enlargement except as expressly provided in Rule 3002 itself. The *Nohle* Court, quoting *In re King*, 90 B.R. 155 (Bkrtcy.E.D.N.C.1988), said:

> The clear Congressional intent to require filing of valid proofs of claims within the established time limits precludes any exceptions based on general equitable principles. While the effects of the bar date appear harsh, any other result would undermine the clear purpose of the Bankruptcy Rules. *In re King, supra*, at 158 (citing *Maressa v. A.H. Robins Co., Inc.*, 839 F.2d 220, 221 (4th Cir.1988)).

*In re Nohle, supra*, 93 B.R. at 16 (Bkrtcy. N.D.N.Y.1988).

Perhaps the most glowing application of such policy is found in the Third Circuit. In *In re Pigott*, 684 F.2d 239 (3d Cir.1982), even in the face of very compelling circumstances, the purported justification being the disruption of the claimant's business by the nuclear accident at Three–Mile Island, and that, even if so inclined, "a bankruptcy court has no ... equitable power to extend the deadline for filing proofs of claim." *In re Ryan, supra*, 54 B.R. at 106 (Bkrtcy.E. D.Pa.1986), quoting *In re Pigott*, at 242. In reversing the District Court's Order affirming the Bankruptcy Court's decision, District Judge Ackerman, sitting by designation, held: "Even where the equities have weighed strongly in favor of extending the time period ... the bankruptcy court did not have the equitable power to extend the filing date ... even a few days." *In re Pigott, supra*, at 243.

In summary, we are bound by the circular control of the Bankruptcy Rules. We are without discretionary power here and accordingly, we cannot lend consideration to the equities of the matter. Owen's allusions on this point must be wholly rejected.

We turn back now to the actual issue. Owen contends that because the August 4, 1987 "Notice to Creditors and Other Parties in Interest of the Need to File Claims" was mailed to Owen, such notice then invites the supervision of Rule 9006(f). This is a very popular argument. Unfortunately for Owen, it rarely prevails. See, *In re Alleghany Intern, Inc.*, 93 B.R. 910 (Bkrtcy.W.D.Pa.1988) (Bankruptcy Rule providing for additional 3 days does not extend bar date for filing of proof of claim); *Centrust Savings Bank v. Duncan (In re Duncan)*, 86 B.R. 288 (Bkrtcy.M.D. Fla.1988) (Rule 9006(f) does not apply to give creditor additional 3 days after expiration of 60 day period to file complaint to determine dischargeability); *Highland Community Federal Credit Union v. Williams (In re Williams)*, 75 B.R. 887 (Bkrtcy.D.Or.1987) (same); *C.M. Winburn v. First Citizens Bank & Trust Company (In re Winburn)*, 72 B.R. 167 (Bkrtcy.D.S. C.1986) (Rule 9006(f) not effective in extending filing date set by Rule 4004(a) governing discharge of Chapter 7 case); *In re Wellman*, 74 B.R. 91, 13 BCD 42 (Bkrtcy. D.S.C.1985) (Rule 9006(f) three day provision can not apply to proof of claim received by clerk of court on 91st day); *In re Whitten*, 49 B.R. 220 (Bkrtcy.N.D.Ala. 1985) (Proof of claim due date not extended on account of notice being given by mail).

In *In re Robintech, Inc.*, 69 B.R. 663 (Bkrtcy.N.D.Tex.1987), where the trustee objected to a proof of claim filed two days beyond the bar date, the Bankruptcy Court held that the claim would nevertheless be allowed applying the additional three days provided by Rule 9006(f). In so holding the Court specifically rejected any distinction between "a deadline on or before which they were to file claims" and a "requisite number of days within which to file a claim." *Id.*, at 666. The ruling was appealed to the District Court and upheld. In

the *Matter of Robintech, Inc.*, 863 F.2d 393 (5th Cir.1989), the Circuit Court of Appeals reversed, holding: "the rule (Rule 9006(f) ... applies only when the 'prescribed period' is fixed by the date on which the notice is served." *Id.*, at 395. (parentheticals added for clarity) (footnote omitted). The Circuit Court explained that the three day extension provided by Rule 9006(f) functions only to compensate for any possible disparity in the U.S. Postal Service's delivery of the mailed notice and the personal delivery of such notice. The Court stated further that "where, as here, all notices must be by mail, there is no need for such compensation, as all parties are theoretically subject to the same delays." *Id.*

In a similar ruling directed to a plaintiff-appellant's contention that the 90 day period statutorily mandated for the filing of a suit was extended by F.R.Civ.P. 6(e) [8], the Court of Appeals for the Third Circuit held: "[F.R.Civ.P. 6(e) ] applies only where a time period is measured from the date of service by mail, and allows a party so served additional time to respond, in order to account for the time required for delivery of the mail." *Mosel v. Hill Department Store, Inc.*, 789 F.2d 251, 252 (3d Cir.1986). (parentheticals added for clarity). The *Mosel* Court of Appeals held that the three day extension was inapplicable to a statutory requirement to commence a lawsuit within a specified period of time.

*Mosel* is analogous to the instant case. Where service of a notice does not trigger the running of a prescribed period of time, but rather, merely establishes a deadline for the filing of proofs of claims, and accordingly the time period is not measured from the actual date of service by mail, Rule 9006(f) can have no application.

An appropriate Order will be entered.

---

**8.** The Advisory Committee Note to Rule 9006(f) states that "[s]ubdivision (f) is new and is the same as F.R.Civ.P. 6(e)."