In the Matter of J. BAIN, INC., d/b/a Modernage Furniture, Bankrupt.

N. R. FIELD and Janet Knox Field, Appellants,

v.

W. C. HERRELL, Trustee in Bankruptcy, Appellee.

No. 77–1350

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 20, 1977.

Rehearing Denied Aug. 16, 1977.

A. N. Spence, John P. McNutt, Miami, Fla., for appellants.

Thomas H. Wakefield, Robert G. Hewitt, Miami, Fla., for appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**256**

RONEY, Circuit Judge:

In this case appellants seek, as a cost of administration from a bankruptcy trustee in possession of leased premises, a full year's real estate tax paid by the landlord during the trustee's possession. The lease provided for payment of the real estate taxes by the lessee, now bankrupt. The bankruptcy court allowed only a portion of the annual taxes, prorated over the period during which the trustee was in possession. We affirm.

A bankruptcy petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. §§ 701 et seq., was filed on December 17, 1974 by J. Bain, Inc. A receiver remained in possession of premises which had been leased by the petitioner from December 20, 1974 until June 12, 1975, the effective date of the bankruptcy court's order permitting rejection of the lease on the trustee's timely filed petition. 11 U.S.C.A. § 713, Bankruptcy Rule `11–53.

Appellants are the assignees of petitioner's landlord. They sought to recover from the receiver the full amount of 1974 real estate taxes on the property. The theory of their claim is that although the real estate taxes were due in November 1974, before the bankruptcy petition was filed, they were not paid by the lessee as required by the lease. On nonpayment of the taxes by the lessee, the landlord had the option to pay them and treat the amount so paid as additional rent due under the lease. The landlord paid the 1974 taxes in March 1975, while the receiver was in possession of the leased premises, and demanded the entire sum as rent due then under the lease.

■ Upon the rejection of the lease by court order, however, the lease was considered breached as of December 17, 1974, the date the bankruptcy petition was filed, prior to the receiver's possession. Section 63(c) of the Bankruptcy Act, 11 U.S.C.A. § 103(c), provides:

Notwithstanding any State law to the contrary, the rejection of an executory contract or unexpired lease, as provided [by the Act], shall constitute a breach of such contract or lease *as of the date of the filing of the petition initiating a proceeding under this title.* (Emphasis added).

As stated at 8 *Collier on Bankruptcy* ¶ 3.15[7] at 206 (14th ed. 1975):

The general effect of rejection is that it constitutes a breach of the contract. The breach is deemed as of the date of the filing of the petition in bankruptcy, not as of the date of the filing of the Chapter XI petition, in a Rule 11–7 case; in a Rule 11–6 case, the rejection is a breach *as of the date of the filing of the original petition under Chapter XI.* (Emphasis added).

Thus appellants can assert no claim arising under the lease as a cost of administration, since the lease was rejected as of a time prior to the receiver's period of occupancy. Instead, upon rejection of the lease, the landlord was entitled to be paid as a part of the expenses of administration of the petitioner's estate the court-determined fair rental value of the premises for the period of the receiver's occupancy. "The estate is . . . chargeable only for actual use and occupation . . . ." 3A *Collier on Bankruptcy* ¶ 62.14 at 1512 (14th ed. 1975).

The rule is then applied that "[t]he *quantum* of allowance for use and occupation by the receiver or trustee is measured by 'the reasonable value of such use and enjoyment.' Ordinarily this will be the contractual rental *pro rata temporis,* . . . ." *Id.* at 1516 [Footnotes omitted]. *See Diversified Services v. Harralson,* 369 F.2d 93 (5th Cir. 1966); 9 Am.Jur.2d *Bankruptcy* § 1640.

■ Under the lease, the landlord had a further option to require prepayment of the taxes over 12 equal monthly payments. The court in effect required payment of ¹⁄₁₂ th of the annual taxes for each month of the receiver's occupancy. The court's finding, that the fair rental value of the leased premises for the receiver's occupancy equaled the monthly contract rate plus a *pro rata* share of the real estate taxes,

appears to properly represent the fair rental value of the property.

AFFIRMED.