**In the Matter of LACKOW BROTHERS, INC., Debtor.**

**Bankruptcy No. 81–00485–BKC–SMW.**

United States Bankruptcy Court, S. D. Florida.

Feb. 8, 1982.

Irving M. Wolff, Miami, Fla., for Trustee.

Robert Venney, Miami, Fla., for debtor.

Louis Phillips, Miami, Fla., for Creditors Committee.

Joseph M. Matthews, Miami, Fla., for Kelman Casting.

Britton, Cohen, Kaufman, Benson & Schantz, Miami, Fla., for Walter E. Heller & Co.

Wirt Maxey, Peters, Maxey, Short & Morgan, Coral Gables, Fla., for William C. Webb and Tom Maxey.

Kreeger & Kreeger, Miami, Fla., for Lackow Brothers and A. Lackow.

## ORDER ALLOWING CLAIM FOR ADMINISTRATION RENT

SIDNEY M. WEAVER, Bankruptcy Judge.

This controversy, involving a Claim for Administration Rent and other ancillary relief and the Trustees' response thereto, came on to be heard before the Court. After review of the testimony, argument and case file, and being otherwise advised in the premises, the Court does hereby conclude that William C. Webb and Tom Maxey, as Trustees under the Webb Construction Company Employees' Profit-Sharing Plan and Trust (the Landlord), are entitled to some award on their Claim for Administration Rent.

The facts and the record reveal that on July 15, 1978 the Landlord and an affiliate of the Debtor, Lackow Brothers, Inc., a New York corporation (Lackow New York), as Tenant, entered into a lease for the premises known as 999 N.W. 159th Drive, Miami, Florida.

These proceedings were commenced by the Debtor (Lackow Brothers, Inc., Florida) on April 1, 1981 by the filing of a Petition seeking relief under Chapter 11 of the Code, and were converted to Chapter 7 proceedings on August 4, 1981.

During the administration of the estate subsequent to the conversion, in order to protect the Debtor's assets, this Court assumed jurisdiction of the assets of Lackow New York, sold the physical assets and approved the assumption and assignment of an unexpired lease of the premises located at 920 Broadway, New York, New York. Under previously entered Court Orders the proceeds of sale of said assets, to wit: $50,-000, were segregated and set aside for creditors of Lackow New York. Such creditors were reserved the right to file claims against said funds.

Subsequent to the hearing on the Claim for Administrative Rent, the assets of the Debtor located in Florida were sold by the Trustees for $30,250; $3,750 of said sum was segregated and any liens involved in the sale of the chattels were transferred to the proceeds of $3,750. Thus, the net amount of $26,500 was realized from the sale of the chattels normally and usually stored on the premises involved in this controversy.

The rent reserved in the lease was $5,518.94 (including Florida sales tax) for the months of April, May and June of 1981, and $5,794.88 (including Florida sales tax) per month for the month of July 1981 and each and every subsequent month to and including December 31, 1981, the date upon which the premises were returned to the Landlord after the Trustees rejected the said lease. In addition, the tenant was charged with the payment of $11,776.62 for 1981 Dade County, Florida real property taxes.

The Landlord seeks to recover rent for the entire period in a net amount of no less than $57,307.84, or an award of market value rent, to wit: $3.75 per square foot per year, or thirty-one cents ($.31) per square foot per month; the area involved comprises 29,337 square feet.

The Trustees object to any allowance of administration rent on the basis that the lease provided for a $10,000 security deposit, which deposit was an agreed and stipulated amount to be retained by the Landlord as liquidated damages for breach of the lease by the tenant. The Trustees further argue that the lease is an asset of the New York corporation and that as such this Court must determine if the funds segregated for creditors of Lackow New York can be charged with the administration costs of this estate; and finally, the argument made by the Trustees is that the administration allowance for rent is governed by the reasonable value of use and occupation by the estate limited to the estate's benefit from said occupation which was actually necessary to preserve the estate.

The Court has given consideration to all of the foregoing and determines that any award of administration rent on a priority

basis is governed by *11 U.S.C. Sec. 503, 348(d) and 726(b)* since the original Chapter 11 proceedings were converted to Chapter 7 under *11 U.S.C. Sec. 1112.* Therefore, the Court's award is limited to the months of August through December 31, 1981, inclusive.

The assets of this estate under the control and jurisdiction of the Court and the Trustees were located upon the premises involved since the inception of these proceedings.

The applicable law allows this Court to consider, in setting administration allowances for rent, whether the rent reserved in a lease agreement entered into prior to the commencement of the proceedings, i.e., the contractual rent, is not clearly unreasonable.

The value of the assets which were preserved by the occupation of the Trustees of said premises was $26,500. The rent reserved in the lease, which the Court finds to be not clearly unreasonable, for the period of August through December 31, 1981 is $31,329.72. The foregoing calculation prorates the real estate taxes for the 5-month period and considers the rent for said 5-month period only. Said determination is made in accordance with *11 U.S.C. Sec. 348(d) and 726(b)*, and is required to be made by law.

All of the foregoing is supported by the following law: *Philadelphia Co. v. Dipple*, 312 U.S. 168, 61 S.Ct. 538, 85 L.Ed. 651 (1940); *In re J. Bain, Inc.*, 554 F.2d 255 (5th Cir. 1977); *S & W Holding Co. v. Kuriansky*, 317 F.2d 666 (2d Cir. 1963); *In re CRS Architectural Metals Corp.*, 1 B.R. 729 (Bkrtcy.E.D.N.Y.1979); *In re Standard Furniture Corp.*, 3 B.R. 527 (Bkrtcy.S.D.Cal. 1980); *Palmer v. Palmer*, 104 F.2d 161, 163 (2d Cir. 1939), cert. den., 308 U.S. 590, 60 S.Ct. 120, 84 L.Ed. 494 (1939).

"In short, the *quantum* of allowance as an expense of administration for use and occupation by the trustee will be measured by 'the reasonable value of such use and enjoyment.' Ordinarily this will be the contractual rent predicated and prorated from the time the trustee is in occupancy; but the contractual rent may not be clearly unreasonable." *3 Collier on Bankruptcy*, Par. 503.04, pp. 503–15, 16 (15th Ed. 1980.) (footnotes omitted; emphasis in original) See also *Diversified Services Inc. v. Harralson*, 369 F.2d 93 (5th Cir. 1966).

There has been no evidence before the Court that the Landlord is entitled to retain the security deposit of $10,000. The Court does observe that at the time of the filing of the original petition commencing these proceedings there was no default committed by the Debtor in connection with the payment of rent, in fact the rent was current as of the date of the filing.

In accordance with the application of *11 U.S.C. Sec. 348(d)* the monthly rental due and owing for the period commencing April 1, 1981 through and including July 31, 1981 is classified as an indebtedness accruing immediately prior to the filing of the original petition. It would appear, though the Court makes no specific finding, that the said security of $10,000, if retained by the Landlord, would constitute a preference under *Section 547* of the Code; see *Stenor, Inc. v. Lester*, 58 So.2d 673 (Fla.1952); *Glynn v. Roberson*, 58 So.2d 676 (Fla.1952); *Nicholas v. Peter Pan Snack Shop*, 256 F.2d 349 (5th Cir. 1958).

Nothing herein contained shall be deemed to preclude the Trustees, if they so elect, from instituting an adversary proceeding against the Landlord to recover said security deposit. This Court has not considered any issues involving the retention of said security deposit, and therefore this Order would not affect any future action by the Trustees, if instituted, on the basis of res judicata or collateral estoppel.

In view of the foregoing it is

ORDERED that the said William C. Webb and Tom Maxey, as Trustees under the Webb Construction Company Employees' Profit-Sharing Plan and Trust, be awarded an administration claim for rent in the total amount of $31,329.72.

IT IS FURTHER ORDERED that the Court reserves jurisdiction to determine

whether this award for administration rent shall be charged against the segregated fund held by the Trustees in connection with the sale of the New York assets.

IT IS FURTHER ORDERED that the Trustees shall not pay and discharge this award until such further order or orders of the Court are entered to determine whether or not the estate has sufficient funds to pay all allowances of administration costs in accordance with the priorities required by the Bankruptcy Code.

Jack R. Pigman, John K. Shubitowski, Columbus, Ohio, for Henry C. Tucker, Jr., and Kenneth M. Levin.

Thomas C. Scott, Columbus, Ohio, for debtor, Harper Industries, Inc.

Nick V. Cavalieri, Columbus, Ohio, for Bank One of Columbus, N.A.

Robert W. Werth, Frederick R. Reed, Columbus, Ohio, for General Motors Corp.

Thomas Rose, O.C.C., Economic Development Adms., Washington, D.C.

H. E. Hogan, District Credit Manager, The Continental Group, Inc., Kathleen Hayes Ransier, China Industries, Columbus, Ohio, Lester A. Ward, Sudden Trucking, Cincinnati, Ohio, creditors committee.

Daniel J. Kersher, Baker & Hostetler, Columbus, Ohio, for Ohio Development Financing Commission.

James Anderson, A & A Unlimited Associates, Columbus, Ohio, creditors.

Cynthia Cummings, Dept. of Justice, Washington, D.C.

Albert R. Ritcher, Asst. U.S. Atty., Columbus, Ohio.