## In re PRIME MOTOR INNS, INC., et al., Debtors.

### Bankruptcy No. 90–16604–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

July 28, 1992.

Cynthia Jackson, Smith Hulsey & Busey, Jacksonville, Fla., for debtor.

Herbert Glickman, State of N.J. Dept. of Law and Public Safety, Division of Law, Trenton, N.J., for State of N.J.

## MEMORANDUM DECISION

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on for hearing on June 2, 1992, upon the continued motion (C.P. 4196) of five of the Prime Debtors, Essex Franchise Systems, Inc. ("Essex"), PDQ Entertainment, Inc. ("PDQ"), Passaic Property, Inc. ("Passaic"), Prime Franchise Systems, Inc. ("PFS") and Fairfield Marketing, Inc. ("Fairfield"), (collectively, the "Movants") for an order (i) finding that certain tax liabilities (the "Tax Claims") constitute prepetition obligations of the Movants' estates and (ii) disallowing and discharging the Tax Claims to the extent that the taxing authorities failed to file proofs of claim for these tax obligations (the "Tax Motion"). By order dated June 2, 1992 (C.P. 4266), the Tax Motion was granted as to each of the Claimants holding Tax Claims other than the State of New Jersey and the State of Tennessee. The Tax Claims of the State of Tennessee are treated by separate order. This order resolves the Tax Motion only as it relates to the Tax Claims of the State of New Jersey.

The State of New Jersey ("State") has opposed the motion asserting initially that (1) the taxes due to the State are administrative claims and (2) even if the taxes are prepetition claims, sufficient cause has been established to justify the extension of the bar date so as to permit the filing of the State's claims.

Based upon the record, the facts agreed to or not disputed by the parties and the arguments of counsel, the Court makes the following findings of fact and conclusions of law relating to the Tax Claims of the State of New Jersey.

## Findings of Fact

On July 2, 1990 the debtors sold certain assets for the sum of $170 million. Approximately two months later, on September 18, 1990, the debtors filed a petition under Chapter 11. The schedules of assets and liabilities submitted by the debtors did not list the dollar amounts of the taxes due to the State and thus did not specifically reflect the taxes arising from the gain on the $170 million sale. Rather, the schedules merely listed "unliquidated, contingent and disputed" taxes due to the State. On January 15, 1991, more than one-half year after the sale, the schedules were amended but the taxes due to the State remained unspecified. Subsequently, May 15, 1991 was set as the bar date for submitting prepetition claims.

On September 19, 1991, one of the debtors, Essex Franchise Systems, Inc. ("Essex"), filed a tentative New Jersey corporation business tax return for the period July 1, 1990 to June 30, 1991. The return listed a tentative corporation tax of $1,110,000. On September 24, 1991, another of the debtors, Prime Franchise Systems, Inc. ("PFS"), filed a tentative New Jersey corporation business tax return for the period July 1, 1990 to June 30, 1991. That return listed a tentative corporation tax of $176,-819. On April 13, 1992, PFS filed a final New Jersey corporation tax return indicating a tax due in the amount of $1,529,884 (over 8½ times the amount set forth in its prior tentative return). The $2.6 million in corporation taxes due to the State from Essex and PFS arise from the gain on the $170 million sale of assets on July 2, 1990.

It is not disputed that the State of New Jersey received notice of the Bar Date and a copy of the Schedules (as they pertained to New Jersey) on or about January 15, 1991. It is also not disputed that the State

of New Jersey failed to file a proof of claim in these cases for the tax obligations.

The debtors seek to have this $2.6 million tax debt classified as a prepetition debt. The State asks the Court to deny the Tax Motion on the grounds that (i) the taxes did not become *due* until after the Petition Date, and as such, the obligations are postpetition obligations of the Prime Debtors, and (ii) even assuming the taxes constitute prepetition obligations, the Court should extend the Bar Date to allow the State of New Jersey to file a late claim. For the reasons set forth below, the Court must reject the State's first argument, but grants the State an extension of time within which to file a late claim.

## Conclusions of Law

This Court has previously held in *In re Davidson Lumber Co.*, 47 B.R. 597 (Bankr.S.D.Fla.1985) that a tax accrues on the date it *is incurred*, not on the date of assessment or the date it is payable:

> Having been incurred [prepetition], the taxes are prepetition irrespective of the fact that returns, assessment and payment were not due until after the petition date.

*In re Overly–Hautz Co.*, 57 B.R. 932, 937 (Bankr.N.D.Ohio 1986), *aff'd*, 81 B.R. 434 (N.D.Ohio 1987).

*See also In re Connecticut Motor Lines, Inc.*, 336 F.2d 96 (3rd Cir.1964); *In re Wheeling–Pittsburgh Steel Corp.*, 103 B.R. 672 (W.D.Pa.1989); *Matter of O.P.M. Leasing Serv., Inc.*, 68 B.R. 979 (Bankr. S.D.N.Y.1987).

Because the Sale giving rise to the tax liabilities occurred prior to the Petition Date, the Tax Obligations were incurred prior to the Petition Date. Accordingly, the Court concludes that the Tax Obligations constitute prepetition obligations of the Prime Debtors, notwithstanding the fact that the obligations were not payable or even assessable until after the Petition Date.

Notwithstanding the Court's determination that the foregoing taxes are prepetition obligations, the Court concludes that sufficient cause has been shown for this

Court to extend the bar date to permit the filing of claims for such obligations. Subsection (c)(3) of Bankruptcy Rule 3003 permits the court "for cause shown" to extend the time for filing proofs of claim in a Chapter 11 case. Most courts have read this rule together with Rule 9006(b) to require a showing of "excusable neglect" on the part of the creditor to justify the extension. *See,* 8 *Collier On Bankruptcy,* § 3003.95[4] (15th Ed.1992). In order to decide whether sufficient cause has been shown, an examination of the facts is necessary.

It should be noted initially that the debtors were undoubtedly aware that substantial amounts of New Jersey corporation taxes were due as a result of the $170 million sale on July 2, 1990. Significantly, although that knowledge existed at the time the debtors filed their amended schedules of assets and liabilities on January 15, 1991, the debtors did not attempt to specify the amount of those taxes (nor the taxes owing to a number of other taxing authorities), but merely listed their tax liability as "unliquidated, contingent, and disputed."

■ It is clear that the State of New Jersey was not made aware of the debtors' substantial tax liability until long after the bar date had passed, even though by State law the debtors were required to report their estimated taxes periodically by the following dates: October 15, 1990, December 15, 1990, and March 15, 1991.[1] If the tax reports had been filed in accordance with the State tax law, the State would have known about the substantial amounts of taxes due and could have filed prepetition proofs of claim before the bar date. Instead, the first tax report, a tentative tax return for Essex, was filed on September 19, 1991—long after the bar date had passed. Only recently, on April 13, 1992,

have the debtors filed the final tax return for PFS.

Upon facts far less compelling, the court in *In re American Skate Corporation,* 39 B.R. 953 (Bankr.D.N.H.1984), extended the bar date to permit the filing of the government's claim. In that case, the debtor had also listed the government's claim as "unliquidated"; however, unlike the present case, the debtor had at least advised the government as to the amount of its claim. The court's opinion discusses the impropriety of routinely scheduling creditors' claims as "unliquidated" as done by the debtors in the present case:

> Moreover, to do otherwise [not to extend the bar date] would in effect reward the debtor with a "windfall" of substantial proportions, by virtue of a routine scheduling of all creditors as "unliquidated" claims. This practice should be discouraged to implement the proper purposes of a Chapter 11 proceeding. See 5 *Collier on Bankruptcy,* 15th Ed., § 1111.01 (1983) ("Section 111(a) [sic] serves a useful purpose in the reorganization scheme of Chapter 11 if and only if trustees and debtors respect the intent of the draftsmen ... Schedules should list as disputed, contingent, and unliquidated only those claims which are clearly the subject of dispute as of the date of the filing of the schedules or are clearly contingent or unliquidated. A trustee or debtor should not list all claims as disputed, contingent, and unliquidated as a device to avoid the responsibility of carefully preparing the schedules"). 39 B.R. at 954–55.

Based upon the facts in this case, the Court concludes that sufficient cause has been shown to justify the extension of the bar date to permit the filing of the State's proofs of claim. Since the State has not formally made a motion pursuant to Rule 3003(c)(3) to extend the bar date, the Court

---

**1.** Pursuant to the New Jersey Corporation Business Tax Act, taxpayers are periodically required to report and remit their estimated taxes. *See N.J.S.A.* 54:10A–15(f). Although the debtors could not have remitted their estimated taxes after their bankruptcy petitions were filed, they, nevertheless, should have filed their "Statement of Estimated Tax" forms (CTB–150) which pro-

vide for the reporting of "estimated taxes for the current accounting year computed on an annualized basis." Since the $170 million sale of assets occurred at the beginning of the debtors' fiscal year, each of the estimated tax forms (October 15, 1990, December 15, 1990, and March 15, 1991) would have reflected the taxes arising from the gain on the sale.

will permit the State to make such a motion within 10 days of the receipt of the Court's decision. Accordingly, it is

ORDERED that:

(1) The debtor's motion to classify the State's tax claims as prepetition claims is GRANTED;

(2) The debtor's motion to bar such claims as beyond the bar date is DENIED, pending submission by the State of a formal motion pursuant to Rule 3003(c)(3) to extend the bar date for the filing of its tax claims.

DONE and ORDERED.