**In re PRIME MOTOR INNS, INC., et al., Debtors.**

**Bankruptcy No. 90–16604–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Nov. 11, 1992.

Cynthia C. Jackson, Smith Hulsey & Busey, Jacksonville, Fla., for Prime Motor Inns, Inc., et al.

Herbert K. Glickman, Deputy Atty. Gen., Dept. of Law and Public Safety, Trenton, N.J., for State of N.J.

MEMORANDUM DECISION DENYING PRIME DEBTOR'S MOTION FOR RECONSIDERATION.

A. JAY CRISTOL, Bankruptcy Judge.

Essex Franchise Systems, Inc. ("Essex"), Prime Franchise Systems, Inc. ("PFS"),

and PDQ Entertainment, Inc. ("PDQ"), three of the above-captioned debtors, have moved for reconsideration of the Court's memorandum decision dated July 28 and entered July 30, 1992 permitting the State of New Jersey to move for an extension of the debtors' May 15, 1991 bar date 144 B.R. 554. Following entry of the July 28 decision, the State moved for an extension of the bar date. Both motions were heard by the Court on September 1, 1992.

The facts and procedural history surrounding the debtors' original motion to discharge the tax claims and the State's opposition to the motion are set forth in the prior July 28 decision. The debtors contend that reconsideration should be granted so as to enable them to submit proof to establish that:

1. The debtors did not know the amount of taxes due to the State at the time the schedule of assets and liabilities was submitted by the debtors; and

2. The debtors were not required to submit estimated tax returns to the State because each of their prior year's tax liabilities was less than $500.

Even if both of these contentions were proven by the debtors, no reconsideration would be necessary since the July 28 decision is supported by a number of undisputed facts, including: the State's lack of knowledge prior to the bar date of either the $170 million sale of assets or the debtors' substantial tax liability arising from such sale, and the failure of the debtors to list the $170 million sale in their financial schedules or to include a narrative statement in such financial schedules that state taxes might accrue from such sale. Such narrative statement as to possible state taxes arising from the $170 million sale would have alerted the State and thereby permitted the State to take appropriate action such as the filing of a protective proof of claim prior to the bar date.

Although the debtors contend that they "attempted to fulfill their overwhelming responsibilities" and "successfully" filed their schedules (¶ 18 of debtors' motion), the fact remains that the State was never notified of the large amount of taxes due until well after the bar date had passed since the schedules filed by the debtors never gave the State a clue as to the amount of the outstanding taxes.* In fact, since the debtors had incurred substantial losses in prior years, the only tax due for such prior years was the routine minimum $50 which was previously paid by the debtors. Therefore, there certainly was no indication that the State needed to "conduct an audit of the [debtors'] books and records" (¶ 37 of debtors' motion) as suggested by the debtors.

It is clear that the State did not "[choose] to sit on its rights" (¶ 26 of the debtors' motion) because the State was never notified prior to the bar date of either the $170 million sale of the debtors' assets or the substantial amount of taxes due from such sale. Once the debtors filed their tax returns (on April 13, 1992 and May 5, 1992), the State moved for an extension of the bar date.

Although the debtors attempt to distinguish *In re American Skate Corp.*, 39 B.R. 953 (Bankr.D.N.H.1984) by asserting that they did not routinely schedule claims as "contingent, unliquidated and disputed," nevertheless, they did routinely scheduled all the tax claims (not merely those of the State of New Jersey) as "contingent, unliquidated and disputed" (¶ 32 of debtors' motion). Thus, the *American Skate* case cited by the Court in the July 28 decision is applicable.

Based upon the undisputed facts, and even assuming as true the factual contentions asserted by the debtors in their motion, it is clear that sufficient cause has been shown to justify the extension of the bar date to permit the filing of the State's

---

* The debtors assert that their New Jersey tax liability "[could] not be determined until after the close of the fiscal year" on June 30, 1991 (¶ 20 of debtor's motion). However, all of the income for the taxable year was attributable to the prepetition period ending on September 18, 1990 (Exhibit B of debtors' motion). As noted above, the debtors could have included a narrative statement in their financial schedules that possible state taxes might be due, although the precise amount of those taxes was not yet determinable.

proofs of claim and, therefore, the debtors' motion for reconsideration should be denied. Accordingly, it is

ORDERED that:

(1) The debtors' motion for reconsideration of the Court's July 28 decision is DENIED;

(2) The State's motion for the extension of the bar date to permit the filing of the State's proofs of claim is GRANTED.

DONE and ORDERED.