In re WILLIAM SCHNEIDER, INC., Debtor.

SCHNEIDER & REIFF, a Florida general partnership, Appellant,

v.

WILLIAM SCHNEIDER, INC., Appellee.

No. 93–1855–CIV.

Bankruptcy No. 93–10734–BKC–AJC.

United States District Court,
S.D. Florida.

Dec. 1, 1994.

Michael A. Hanzman, Lawrence V. Ashe, Miami, FL, for appellant.

Paul S. Singerman, Andrew R. Herron and Ilyse M. Homer, Stroock Stroock & Lavan, Miami, FL, for appellee/debtor.

## *ORDER AFFIRMING BANKRUPTCY COURT'S ORDER ON LESSOR'S MOTION FOR RELIEF FROM STAY OR IN THE ALTERNATIVE MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM*

ARONOVITZ, District Judge.

BEFORE THIS COURT is an appeal from an Order On Lessor's Motion for Relief from Stay or in the Alternative Motion for Allowance of Administrative Expense Claim entered by United States Bankruptcy Judge A. Jay Cristol on August 20, 1993.

This appeal was originally assigned to United States District Judge Shelby Highsmith. On October 27, 1993, the appeal was then transferred to the undersigned Judge by Order of Transfer pursuant to Administrative Order 93–90.

This Court heard oral argument on the appeal on March 18, 1994 and, at the close of oral argument, directed the parties to file supplemental briefs pertaining to the appeal.

The parties filed supplemental briefs with the Court on April 8, 1994 and April 18, 1994, respectively. The Court has carefully considered all appellate briefs including both post-hearing supplemental briefs, all Notices of Filing Supplemental Authority[1], the oral argument of counsel, the entire record, the applicable law and is otherwise fully advised in the premises. For the following reasons, it is

**ORDERED AND ADJUDGED** that the Bankruptcy Court's Order On Lessor's Motion for Relief from Stay or in the Alternative Motion for Allowance of Administrative Expense Claim entered on August 20, 1993, is hereby **AFFIRMED in its entirety.**

### Background

On February 25, 1993, William Schneider, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Debtor entered into a lease with Schneider and Reiff, a Florida general partnership ("Lessor") pre-petition. The lease involved a commercial building situated in Dade County. Debtor failed to pay Lessor the 1992 real property taxes and failed to pay the Dade County Tax Collector the 1992 personal property taxes.

On June 1, 1993, Lessor filed a Motion for Relief from Stay or in the Alternative Motion for Allowance of Administrative Expense Claim with the Bankruptcy Court. Lessor requested that Debtor be required to pay the 1992 real property taxes with interest as an administrative expense pursuant to the lease which Debtor had not yet assumed, or in the alternative, requested stay relief in order to pursue legal remedies for post-petition lease default. On June 29, 1993, Judge Cristol held a hearing on the motion and entered an Order on August 20, 1993.

### The Bankruptcy Court's Order on Lessor's Motion for Relief from Stay or in the Alternative Motion for Allowance of Administrative Expense Claim

The terms of the lease between Lessor and Debtor provided that Debtor was required to pay 1992 real property taxes. The Lease specifically stated:

> In addition to the base rental ... Lessee [Debtor] shall also pay all taxes and assessments on the demised premises ... (Article III, Lease)

> Lessee shall ... pay Lessor, within ten (10) days prior to the date upon which interest begins to accrue on the tax bill, for all real estate taxes and betterment assessments imposed on the demised premises ... (Article X, Lease)

The issue before the Bankruptcy Court was whether the Debtor's obligation to pay the 1992 real property taxes arose before or after the petition filing date (February 25, 1993) and whether that obligation to pay was subject to the timely performance requirement of 11 U.S.C. § 365(d)(3). 11 U.S.C. § 365(d)(3) provides in relevant part that:

> The Trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), *arising from and after the order for relief [petition filing date]* under any unexpired lease of nonresidential real property, until such lease is assumed or rejected ...

Under Section 365(d)(3), if the Bankruptcy Court determined that Debtor's obligation to pay the 1992 real property taxes arose *after* the petition filing date, then Trustee or Debtor would be required to "timely perform" or pay the 1992 taxes. In this case, however, the Bankruptcy Court found that Debtor's obligation arose *before* the petition filing date.

In particular, the Bankruptcy Court stated:

> This Court finds the *Ames'* decisions[2] more persuasive. The most reasonable construction of Articles III & X of the Lease, and the one which this Court herein pronounces, is that the Debtor's Lease obligation to pay the 1992 real property taxes

---

1. These Notices include Appellant's Notice of Filing Supplemental Authority, file dated March 17, 1994 and Appellee's two Notices of Filing Supplemental Authority, filed dated March 17, 1994 and October 21, 1994.

2. *In re Ames Dept. Stores, Inc.,* 136 B.R. 353 (Bankr.S.D.N.Y.1992) and *In re Ames Dept. Stores, Inc.,* 150 B.R. 107 (Bankr.S.D.N.Y.1993).

arose, that is the Debtor became liable to pay them (albeit in the future), when the taxes accrued. Here, all of the 1992 real property taxes were accrued by January 1, 1993 which was prior to the February 25, 1993 petition date. Even under a construction of the Lease—that the Lease obligation to pay the 1992 real property taxes arose at the time the bill for such taxes was issued (November of 1992)—the obligation would still arise prior to the February 25, 1993 petition date. This Court rejects the concept that the taxes are owing only as of the payment date agreed upon in the lease. (footnote omitted) Under such an interpretation, a debt under a note is not owed until the payment date. The existence of the debt is not the same as an agreed date for payment of the debt.

Accordingly, the Bankruptcy Court determined that Debtor's obligation to pay the 1992 real property taxes arose when such taxes were accrued, not when payment was due under the lease. In finding Debtor's lease obligation to pay the 1992 real property taxes arose pre-petition, Debtor was not required to pay those taxes or "timely perform" under 11 U.S.C. § 365(d)(3). However, the Bankruptcy Court did find that:

> ... the real property taxes which accrued *after* the petition date, and which continue to accrue, are post-petition obligations under the Lease which the Debtor must "timely perform" pursuant to 11 U.S.C. § 365(d)(3) and which are payable as an administrative rent.

Lessor has appealed the Bankruptcy Court's August 20, 1993 Order.

### Standard of Review

■ In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.*, 904 F.2d 588 (11th Cir.1990); *In re T & B General Contracting, Inc.*, 833 F.2d 1455 (11th Cir.1987). Equitable determinations by the Bankruptcy Court are subject to review under an abuse of discretion standard. *In re Red Carpet Corp. of Panama City Beach*, 902 F.2d 883 (11th Cir.1990). Conclusions of law are subject to *de novo*

review. *In re Chase & Sanborn Corp.*, 904 F.2d at 593; *In re Sublett*, 895 F.2d 1381 (11th Cir.1990).

■ While the Bankruptcy Court's factual findings are subject to a clearly erroneous standard, that standard does not apply when determining the propriety of the Bankruptcy Judge's conclusions of law, (i.e.) determination of what law applies or determination of the ultimate legal conclusions resulting from the application of the law to the facts. Legal conclusions made by the Bankruptcy Judge may not be approved by the District Court without an independent determination. *In re Columbia Data Products, Inc.*, 99 B.R. 682, 684 (D.Md.1989), *affirmed*, 892 F.2d 26 (4th Cir.1989); *citing, Hunter Sav. Ass'n v. Baggott Law Offices Co.*, 34 B.R. 368, 374 (Bankr.S.D.Ohio 1983), *reversed on other grounds*, 750 F.2d 536 (6th Cir.1984); *In re Hollock*, 1 B.R. 212, 215 (M.D.Pa.1979). The Court has conducted an independent or *de novo* review of the Bankruptcy Court's conclusions of law with respect to the application of 11 U.S.C. § 365(d)(3) in this case.

### Discussion

The issue before this Court is whether the Bankruptcy Court erred in determining that Debtor's lease obligation to pay the 1992 real property taxes arose pre-petition and that Debtor was not required to pay those taxes or "timely perform" under 11 U.S.C. § 365(d)(3).

■ Lessor argues that Debtor was never obligated to pay real property taxes at any time, but was obligated to pay Lessor additional rent in the amount of the 1992 real property taxes. Lessor asserts that Debtor's lease obligation to pay the 1992 taxes arose post-petition since the Debtor was required by the express terms of the lease to pay the Lessor:

> "within ten (10) days prior to the date upon which interest begins to accrue on the tax bill, for all real estate taxes and betterment assessments imposed on the demised premises."

Since interest began to accrue for the 1992 tax bill on April 1, 1993, Lessor argues that Debtor was required to pay taxes to Lessor within ten (10) days prior to that date. As this time for payment was after the February 25, 1993 petition date, Lessor asserts that Debtor's obligation arose post-petition thereby requiring Debtor to "timely perform" under § 365(d)(3) and to pay the 1992 real property tax to Lessor. In support, Lessor primarily relies upon *In re Duckwall–Alco Stores, Inc.*, 150 B.R. 965 (D.Kan.1993); *In re R.H. Macy & Co.*, 152 B.R. 869 (Bankr. S.D.N.Y.1993); *In re Child World, Inc.*, 150 B.R. 328 (Bankr.S.D.N.Y.1993); and *In re Washington Manufacturing Co.*, 1993 WL 156083, 1993 Bankr. LEXIS 635 (Bankr. M.D.Tenn. May 11, 1993).

Debtor, in turn, argues that the Bankruptcy Court correctly determined that the Lease obligation to pay the 1992 real property taxes arose pre-petition when the 1992 real property taxes accrued. Debtor argues that the tax payment due date on the lease is not relevant in determining when such obligation arose.

Debtor contends that the Bankruptcy Court properly applied 11 U.S.C. 365(d)(3) and case law in determining that the lease obligation arose pre-petition and that Debtor was not required to "timely perform" such obligation pursuant to 11 U.S.C. 365(d)(3). Debtor principally relies upon *In re Ames Dept. Stores, Inc.*, 136 B.R. 353 (Bankr. S.D.N.Y.1992); *In re Ames Dept. Stores, Inc.*, 150 B.R. 107 (Bankr.S.D.N.Y.1993); and *In re Child World*, 161 B.R. 571 (S.D.N.Y. 1993).

While there is conflicting case law as to whether the obligation under 11 U.S.C. § 365(d)(3) arises at the time the tax accrues or whether the obligation arises on the payment due date under a lease, this Court finds *In re Child World, Inc.*, 161 B.R. 571 (S.D.N.Y.1993) most persuasive and instructive as to this issue. In *In re Child World, Inc.*, the United States District Court for the Southern District of New York *reversed* the Bankruptcy Court's earlier decision in *In re Child World, Inc.*, 150 B.R. 328 (Bankr. S.D.N.Y.1993) [relied on by Lessor], which had interpreted § 365(d)(3) as providing that the billing date in the lease determines when

an obligation arises. The District Court found § 365(d)(3) ambiguous as to when a debtor-tenant's obligation under a lease to reimburse the landlord for real estate taxes arises. ·This ambiguity necessitated the District Court's examination of legislative history to discern Congress' intent. The District Court found that:

> [t]he legislative history provides compelling evidence that Congress did not intend § 365(d)(3) to include debtor-tenants' rental obligations arising prepetition, but billed postpetition . . .
>
> In applying § 503(b)(1) to a debtor-tenant's rental obligations before the 1984 amendments . . . [w]hen the lease required the debtor-tenant to reimburse the landlord for real estate taxes . . . the courts would only allow as an administrative expense real estate taxes accruing during the postpetition, prerejection period, regardless of when they were billed. *See, In re J. Bain, Inc.* 554 F.2d 255 (5th Cir.1977); *In re Lackow Brothers, Inc.*, 18 B.R. 770, 772 (Bankr.S.D.Fla.1982) (other citations ·omitted) . . .
>
> Nothing in the legislative history indicates that Congress intended § 365(d)(3) to overturn the long-standing practice under § 503(b)(1) of prorating debtor-tenants' rent to cover only the postpetition, prerejection period, regardless of the billing date. *In re Child World, Inc.*, 161 B.R. at 574–576.

After surveying many of the same cases cited by the parties in case at bar, the District Court in *In re Child World, Inc.* concluded that:

> [t]he legislative history makes clear that Congress did not intend for courts applying § 365(d)(3) to rely mechanically on the billing date in determining which postpetition, prerejection obligations under nonresidential leases must be timely paid. A substantial majority of the courts that have examined this issue have come to the same conclusion. *Id.* at 577.

The Court agrees with the well reasoned analysis and conclusion set forth in *In re Child World, Inc.*, 161 B.R. 571 (S.D.N.Y. 1993). That is, the payment date under the

lease is not determinative of when Debtor's obligation to pay 1992 real property taxes arose. Rather, the obligation arose when all the 1992 real property taxes accrued (i.e. January 1, 1993).[3]

The Court in *In re Ames Dept. Stores, Inc.,* 136 B.R. 353, 356 (Bankr.S.D.N.Y.1992) stated:

> Unquestionably, the charges [CAM and real estate taxes] were incurred prior to the bankruptcy filing. Furthermore, the language of the lease, which details the Debtors' underlying obligations and then specifies the timing of the actual reimbursement, is clear. **It is the time for payment, not the obligation itself, which arose post-petition.** (Emphasis added)

*See also, In re Ames Dept. Stores, Inc.,* 150 B.R. 107, 108 (Bankr.S.D.N.Y.1993) (this Court rejects the argument that the time for payment governs when an obligation arises). Furthermore, the Court in *In re Almac's, Inc.,* 167 B.R. 4, 8 (Bkrtcy.D.R.I.1994) ruled:

> . . . we join with the "substantial majority of the courts" which hold that "rent should be prorated to cover only the post-petition, prerejection period, regardless of the fortuity of the billing date." *Citing, In re Child World, Inc.,* 161 B.R. at 576, *citing, In re Ames Dept. Stores, Inc.,* 150 B.R. 107 (Bankr.S.D.N.Y.1993) (other citations omitted).

Upon careful review of the applicable case law and statutes, this Court finds that the Bankruptcy Court correctly determined that the lease obligation to pay the 1992 real property taxes arose pre-petition and that the Debtor was not required to "timely perform" such obligation pursuant to 11 U.S.C. 365(d)(3).

For the reasons set forth herein, it is **ORDERED AND ADJUDGED** that the Bankruptcy Court's Order On Lessor's Motion for Relief from Stay or in the Alternative Motion for Allowance of Administrative Expense Claim entered on August 20, 1993, is hereby **AFFIRMED in its entirety.**

[redacted]

3. While the instant case involves a real property tax liability, the Third Circuit Court of Appeals notes that in other contexts a tax liability is generally "incurred on the date it accrues, not on the date of the assessment or the date on which it is payable." *In re Columbia Gas Transmission Corp.,* 37 F.3d 982 (3rd Cir.1994), *citing, In re Bondi's Valu–King, Inc.,* 102 B.R. 108, 110 (Bankr.N.D.Ohio 1989) (citation omitted), *aff'd. on other grounds,* 126 B.R. 47 (N.D.Ohio 1991) (federal employment taxes); *see, In re Connecticut Motor Lines, Inc.,* 336 F.2d 96 (3rd Cir.1964) (precode case dealing with federal taxes arising from wages); *see also, Otte v. United States,* 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212 (1974) (withholding taxes); *In re Prime Motor Inns, Inc.,* 144 B.R. 554, 555 (Bankr.S.D.Fla.1992) (income tax based on prepetition sales of asset was not administrative expense; "a tax accrues on the date it is incurred, not the date of the assessment or the date it is payable." (emphasis in original)).