**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: ROSE'S STORES,
INCORPORATED,
<u>Debtor.</u>

ROSE'S STORES, INCORPORATED,
<u>Plaintiff-Appellant,</u>

v.                                                                No. 97-2654

SAUL SUBSIDIARY I, L.P.; I.R.E. REAL
ESTATE INV., INCORPORATED;
SALISBURY ASSOCIATES, LTD;
SALISBURY MALL, LTD,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-96-898-5-BO, BK-93-1365, AP-95-62-5-AP)

Argued: June 3, 1998

Decided: July 10, 1998

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion. Judge Michael wrote a
dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Bettie Kelley Sousa, SMITH, DEBNAM, HIBBERT,
L.L.P., Raleigh, North Carolina, for Appellant. David Marshall

Schilli, ROBINSON, BRADSHAW & HINSON, P.A., Charlotte, North Carolina, for Appellees. **ON BRIEF:** William G. Berggren, ADAMS, PORTNOY & BERGGREN, Raleigh, North Carolina, for Appellant. Jean Winborne Boyles, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On September 5, 1993, Rose's Stores filed for Chapter 11 bankruptcy. During the course of the subsequent bankruptcy proceedings, Rose's paid several of its landlords (the appellees) rent which, although it came due under its leases after the bankruptcy petition had been filed, was for pre-petition occupancy of the premises. After confirmation of the bankruptcy plan, Rose's brought this suit against the landlords to recover those rent payments as voidable post-petition payments of pre-petition debts. The landlords defended on the ground that the rent payments were properly made because they were required by § 365(d)(3) of the Bankruptcy Code. The bankruptcy court held that the payments were not required by § 365(d)(3) and thus were voidable transfers. The district court reversed, concluding that the rent payments were obligations that arose post-petition by the terms of the contracts and that § 365(d)(3) therefore required Rose's to make the rent payments as it did. Thus, the district court granted summary judgment for the defendant landlords.

Having had the benefit of oral argument and having reviewed the record and the submissions of the parties, we conclude that the district court's analysis was correct. Accordingly, we affirm on the reasoning of that court.

AFFIRMED

2

MICHAEL, Circuit Judge, dissenting:

I agree with the bankruptcy court that the rent payment obligations arose before Rose's Stores filed its petition and that the payments are therefore voidable transfers that may be recovered by Rose's Stores. The language of § 365(d)(3) is ambiguous as to whether an obligation "aris[es]" when the obligation is due to be paid or when it accrues. The overall structure of the Bankruptcy Code and the legislative history both indicate that Congress intended to adopt the accrual theory. This is the approach applied by the overwhelming majority of courts considering the matter. See, e.g., In re McCrory Corp., 210 B.R. 934, 940 (S.D.N.Y. 1997); In re William Schneider, Inc., 175 B.R. 769 (S.D. Fla. 1994); In re Child World, Inc., 161 B.R. 571, 575-76 (S.D.N.Y. 1993); In re Best Products Co., 206 B.R. 404, 406-07 (Bankr. E.D. Va. 1997); In re All for A Dollar, Inc., 174 B.R. 358, 361-62 (Bankr. D. Mass. 1994). Using the accrual approach, the rent payment obligations arose during the month before Rose's Stores filed for bankruptcy, even though the payments were not due to be made until five days after the end of that month (which was after the petition was filed). The rent payments in question were prepetition obligations that should not have been made by the bankruptcy estate. Those payments are therefore voidable and should now be recovered by Rose's Stores under §§ 549 and 550 of the Bankruptcy Code. Accordingly, I would reverse the district court and reinstate the order of the bankruptcy court granting summary judgment to Rose's Stores. I therefore respectfully dissent.

3