**In re LEARNINGSMITH, INC., Debtor.**

**No. 99–19745–CJK.**

United States Bankruptcy Court,
D. Massachusetts.

April 14, 2000.

Harold Murphy, for Debtor.

Keith J. Cunningham, Portland, ME, for Dead River Properties.

William Moorman, for Creditors' Committee.

### *MEMORANDUM OF DECISION ON MOTION OF DEAD RIVER PROPERTIES FOR ORDER DIRECTING DEBTOR TO PERFORM LEASE OBLIGATIONS*

CAROL J. KENNER, Bankruptcy Judge.

The issue presented by this motion is whether the requirement in § 365(d)(3) of the Bankruptcy Code that the trustee timely perform all postpetition obligations of the debtor under an unassumed lease of nonresidential real property requires the debtor-in-possession to pay amounts that became payable postpetition but that accrued prepetition. For the reasons set forth below, this Court holds that § 365(d)(3) does not obligate the Debtor to pay amounts that accrued prepetition.

The facts are undisputed. The Debtor, Learningsmith, Inc., filed its petition for relief under Chapter 11 of the Bankruptcy Code on December 10, 1999, and has continued since then as a debtor in possession. Under an unexpired prepetition lease that it has neither assumed nor rejected, the Debtor leases nonresidential property from Dead River Properties ("the Lessor"). On December 31, 1999, the Lessor received a bill for local real estate taxes on the leased property in the amount of $43,493.69. The tax bill covered the period from July 1, 1999 to December 31, 1999, such that most of the obligation accrued prepetition. The Lessor paid the tax bill on January 6, 2000, and immediately invoiced the Debtor for reimbursement for the full amount of the tax. The lease requires the Debtor to reimburse the lessor for amounts it pays for real estate taxes attributable to the premises, and it further requires that such reimbursement be made within ten days after the Tenant receives the Landlord's invoice for reim-

bursement, together with a copy of the municipality's receipt confirming the Lessor's payment. Accordingly, payment was due on January 16, 2000.

On February 18, 2000, when it still had not received payment from the Debtor, the Lessor filed the present motion, seeking an order directing the Debtor to reimburse it for the tax payment in full, plus interest at the contractual rate of twelve percent per annum from January 17, 2000, and attorney's fees. The Debtor opposes the motion, stating that it now has paid the portion of the tax bill that accrued after it filed its bankruptcy petition (plus interest to the date of payment), and arguing that § 365(d)(3) requires timely payment only of amounts that accrued after entry of the order for relief (which, in this case, was the date of the bankruptcy filing). The Official Committee of Unsecured Creditors joins in the Debtor's opposition.

### Discussion

■ In relevant part, § 365(d)(3) states that "[t]he trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." The issue raised by the present motion is whether the portion of the Debtor's obligation to the Lessor that accrued before entry of the order for relief[1] was an "obligation[ ] of the debtor ... arising from and after the order for relief" within the meaning of this section. The many courts that have written on this issue have split into two camps. For the first, the language of § 365(d)(3) is ambiguous but, when viewed in light of its context in the Bankruptcy Code and its legislative history, requires payment of only those amounts that accrued after entry of the order for relief.[2] For the second, the language of § 365(d)(3) unambiguously requires payment in full of the amount that became due after entry of the order for relief without regard to when it accrued.[3]

The arguments in support of these positions have been well-developed elsewhere. Having read the cases and studied the issue, this Court agrees with those for whom § 365(d)(3) requires payment only of amounts that accrued after entry of the order for relief. In doing so, I rely upon the reasoning articulated in *Matter of Handy Andy Home Improvement Centers, Inc.*, 144 F.3d 1125 (7th Cir.1998), *In re McCrory Corp.*, 210 B.R. 934 (S.D.N.Y. 1997), *In re All for A Dollar, Inc.*, 174 B.R. 358 (Bankr.D.Mass.1994), and the dissent of Judge Rhodes in *In re Koenig Sporting Goods, Inc.*, 229 B.R. 388, at 394 (6th Cir. BAP 1999). I will not rehearse their arguments here but will add only the following, to answer the argument that the statute is clear on its face and does not warrant recourse to legislative history.

■ Section 365(d)(3) is not ambiguous because legislative history and policy considerations reveal a meaning at odds with the statutory language. Rather, the ambiguity arises from the statutory language itself: first from the language of § 365(d)(3) standing alone, and second from the language of other provisions in the Bankruptcy Code-especially those

---

1. In a voluntary case, such as this one, the order for relief is deemed to enter upon commencement of the case. 11 U.S.C. § 301.

2. *Matter of Handy Andy Home Improvement Centers, Inc.*, 144 F.3d 1125 (7th Cir.1998); *In re McCrory Corp.*, 210 B.R. 934 (S.D.N.Y. 1997); *In re All for A Dollar, Inc.*, 174 B.R. 358 (Bankr.D.Mass.1994); *In re Schneider, Inc.*, 175 B.R. 769 (S.D.Fla.1994); *In re Almac's, Inc.*, 167 B.R. 4 (Bankr.D.R.I.1994); and *In re Child World, Inc.*, 161 B.R. 571

(S.D.N.Y.1993). See also the dissent of Judge Rhodes in *In re Koenig Sporting Goods, Inc.*, 229 B.R. 388, at 394 (6th Cir. BAP 1999).

3. *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986 (6th Cir.2000); *In re DeCicco of Montvale, Inc.*, 239 B.R. 475, 478–483 (Bankr. D.N.J.1999); *In re Krystal Co.*, 194 B.R. 161 (Bankr.E.D.Tenn.1996); and *In re R.H. Macy & Co., Inc.*, 152 B.R. 869 (Bankr.S.D.N.Y. 1993).

dealing with "claims" and their treatment-with which § 365(d)(3) must be coherently understood. The ambiguity in § 365(d)(3) itself arises from the fact that an "obligation" can be said to "arise" either when it becomes due and payable or, in another "perfectly good sense," when it accrues. *Handy Andy*, 144 F.3d at 1127. But the ambiguity is even more apparent when one attempts to read § 365(d)(3) in a manner that reconciles it with the provisions in the Bankruptcy Code dealing with "claims" and their treatment.

The Bankruptcy Code defines a claim as a "right to payment, *whether or not such right is ... matured,*" 11 U.S.C. § 101(5)(A) (emphasis added), enjoins the court to "determine the amount of such claim *as of the date of the filing of the petition,*" 11 U.S.C. § 502(b) (emphasis added), and provides for the payment of claims according to the requirements of the various chapters. See especially 11 U.S.C. §§ 726, 1129, and 1325. On the other hand, the Code does not define "obligation," the term it uses in § 365(d)(3). If obligation were interpreted to refer to the entire amount that matures and becomes payable on a given date, without regard to whether any part of the amount accrued prepetition, then, as in this case,[4] § 365(d)(3) would conflict with, and constitute an exception to, the provisions governing claims. Section 365(d)(3) expressly indicates that it is meant to constitute an exception to the provisions of the Code governing administrative expenses,[5] which are strictly postpetition in nature, but it does not state that it is meant to constitute an exception to the provisions governing claims. Therefore, without looking behind the language of the Code itself, one can fairly question whether Congress intended by § 365(d)(3) to require payment of amounts that accrued prepetition. The statutory language is inherently ambiguous; and courts are well justified in looking beyond it to understand the legislative intent.

For this reason and those articulated in the cases on which I rely, I conclude that the Debtor was obligated to pay only the portion of the lessor's tax bill that accrued postpetition. The Debtor filed its petition on December 10, and the tax period ran for 184 days from July 1 through December 31. Therefore, the Debtor was in bankruptcy for 22 of the 184 days in the tax period and must pay $22/184$ of the total bill, $43,493.69, or $5,200.33. Of this sum, the Debtor has paid $5,027.95.

■ The Lessor is also entitled to interest at the contract rate of 12 percent per annum from January 16, 2000 through the date of payment. The Debtor has not indicated when it made its payment, but it is clear that payment was received prior to the hearing on March 21, 2000, so I will use that date as the date of payment. As of March 21, interest had accrued on the principal paid that day of $105.79. The Debtor continues to owe principal of $172.38, plus interest thereon from January 16, 2000 to the date of payment.

■ The Lessor also seeks reimbursement for the attorney's fees it incurred in enforcing this obligation, arguing that it is entitled to attorney's fees under the lease. The Debtor opposes fees, arguing that they are available only if the Lessor is the prevailing party in a bona fide dispute. The lessor does not argue for a different standard. I hold that the Lessor is not entitled to fees for seeking to collect in excess of the amount that accrued postpetition, which task accounts for most of the effort expended on this motion (and all of the hearing-related fees). However, I also find that, in view of the Debtor's failure to

4. Without question, the portion of the Debtor's obligation to the Lessor that accrued prepetition is a "claim" and, unless § 365(d)(3) required otherwise, would be treated as such.

5. The last phrase of the sentence at issue states "notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3). Section 503(b)(1) governs the allowance of administrative expenses.

pay the postpetition portion of this debt timely, the Lessor was justified in moving for payment, and therefore I will allow fees in the amount of $200.

In summary, the Lessor is entitled to a principal balance of $172.38, interest thereon at 12 percent per annum from January 16, 2000 to the date of payment, interest on the principal already paid of $105.79, and attorney's fees of $200. A separate order will enter allowing the motion in the amount of the balance due for principal, interest, and fees, and denying the Lessor's motion as to the prepetition portion of the debt.